COOK v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 52273. Submitted June 23, 1981, at Detroit.—Decided
September 8, 1981. Amended opinion filed March 4, 1982.

Chester J. Cook was injured in an automobile accident and was
paid personal protection benefits by defendant, Detroit Automo-
bile Inter-Insurance Exchange. Defendant discontinued pay-
ments and Cook brought an action in district court to enforce
payment of further benefits. The district court awarded plaintiff
wage loss benefits, costs, interest, and attorney fees. The Wayne
Circuit Court, William Leo Cahalan, J., affirmed. Defendant
appealed by leave granted, challenging the award of interest
and attorney fees. The Court of Appeals, in an unpublished per
curiam opinion issued September 8, 1981, remanded the case to
the trial court for further findings of fact in regard to whether
the defendant unreasonably refused to pay benefits. Subse-
quently, the Court of Appeals, on its own motion, granted
rehearing on the issue of whether the same standard of reason-
ableness applies to both the award of interest and that of
attorney fees. *Held:*

The same standard does not apply to both interest and
attorney fees. Payment of benefits is overdue if not made
within 30 days after the insurer receives reasonable proof of
the loss sustained, and interest is payable on any such overdue
payment. Attorney fees are payable only upon a showing that
the insurer unreasonably refused to pay the claim or unreason-
ably delayed in making proper payment.

The original opinion remains in force to the extent that it is
not modified by this opinion. The case is remanded.

1. INSURANCE — NO-FAULT INSURANCE — INTEREST — STATUTES.

Interest in the amount of 12% per annum is payable on an award

REFERENCES FOR POINTS IN HEADNOTES

[1] 44 Am Jur 2d, Insurance §§ 1797-1799.

Insurer's liability for consequential or punitive damages for wrong-
ful delay or refusal to make payments due under contracts. 47
ALR3d 314.

[2] 44 Am Jur 2d, Insurance §§ 1798, 1799.

of personal protection insurance benefits where payment is not made within 30 days after the insurer receives reasonable proof of the fact and of the amount of the loss (MCL 500.3142; MSA 24.13142).

2. Insurance — No-Fault Insurance — Attorney Fees — Statutes.

Attorney fees are payable in an action for property or personal protection insurance benefits only upon a showing that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment (MCL 500.3148[1]; MSA 24.13148[1]).

*Blum, Brady & Rosenberg,* for plaintiff.

*Dickinson, Mourad, Brandt, Hanlon & Becker* (by *Joyce E. Parker),* and *Gromek, Bendure & Thomas* (by *Nancy L. Bosh),* of counsel, for defendant.

Before: J. H. Gillis, P.J., and Bashara and K. N. Sanborn,* JJ.

Per Curiam. This panel of the Court issued an opinion in this matter on September 8, 1981. Subsequently, on the Court's own motion by order dated November 23, 1981, the Court granted rehearing limited to the issue of whether the same standard of reasonableness should be used to determine whether the plaintiff is entitled to the additional 12% interest, as contemplated by MCL 500.3142(2); MSA 24.13142(2), and attorney fees, as contemplated by MCL 500.3148(1); MSA 24.13148(1).

Our further review convinces us that the standards for determining the interest awards under the two statutes are in fact dissimilar. MCL 500.3142; MSA 24.13142 provides as follows:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"(1) Personal protection insurance benefits are payable as loss accrues.

"(2) Personal protection insurance *benefits are overdue* if not paid within 30 days after an insurer *receives reasonable* proof of the fact and of the amount of loss sustained. *If reasonable proof* is not supplied as to the entire claim, the amount supported *by reasonable proof* is overdue if not paid within 30 days after the proof is received by the insurer. Any part of the remainder of the claim that is later supported *by reasonable proof* is overdue if not paid within 30 days after the proof is received by the insurer. For the purpose of calculating the extent to which benefits are overdue, payment shall be treated as made on the date a draft or other valid instrument was placed in the United States mail in a properly addressed, postpaid envelope, or, if not so posted, on the date of delivery.

"(3) *An overdue payment* bears simple interest at the rate of 12% per annum." (Emphasis added.)

On the other hand, MCL 500.3148(1); MSA 24.13148(1) provides:

"Sec. 3148. (1) An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, *if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment."* (Emphasis added.)

Thus, on remand the trial court need only determine whether personal protection insurance benefits were paid within 30 days after reasonable proof of the loss and its amount were conveyed to the insurer to award 12% simple interest on an overdue payment.

However, it will be necessary for the court to find that the insurer unreasonably refused to pay

the claim or unreasonably delayed in making proper payment to order the defendant to pay attorney fees under the statute.

To the extent it is not modified by this amended opinion, our original opinion remains in full force and effect.

Remanded, in accordance with the original and amended opinions.