FARQUHARSON v TRAVELERS INSURANCE COMPANY

Docket No. 58988. Submitted May 4, 1982, at Lansing.—Decided December 7, 1982. Leave to appeal applied for.

Robert S. Farquharson filed suit against Travelers Insurance Company in Washtenaw Circuit Court seeking to recover personal injury protection benefits under the no-fault automobile insurance act. Travelers admitted liability but contested certain elements of Farquharson's claim for work-loss benefits. The court, Edward D. Deake, J., ruled that plaintiff was entitled to be paid for step increases on his wage rate made after he left work. Additionally, the court determined that the employer's contribution to a pension plan for plaintiff's benefit, the employer's payment of health insurance premiums for plaintiff's benefit, and the employer's federal Social Security tax paid on plaintiff's wages were not elements of plaintiff's "income" for the purpose of determining no-fault work-loss benefits. Plaintiff appeals. *Held:*

1. Fringe benefits paid in lieu of salary may be a proper element of income under the work-loss provision of the no-fault automobile insurance act.

2. An employer's contribution to a pension plan should be considered income where the employee's rights in the plan are vested. Plaintiff's rights in the pension plan at issue were vested.

3. Plaintiff is entitled to an amount equal to the amount plaintiff's employer usually paid in health insurance premiums for plaintiff's benefit but which payments were discontinued for a period of one year due to plaintiff's inability to work. Plaintiff failed to present an adequate factual basis for the Court of

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance §§ 359, 361.
  Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.
[2-8] 7 Am Jur 2d, Automobile Insurance § 361.
[3] 7 Am Jur 2d, Automobile Insurance § 349.
[7, 8] 7 Am Jur 2d, Automobile Insurance § 369.
[8] 7 Am Jur 2d, Automobile Insurance § 345.

Appeals to conclude that he lost income after the employer resumed payment of the health insurance premiums.

4. An employee's interest in his employer's federal Social Security tax payment on his wages is too speculative for it to be considered income under the no-fault automobile insurance act.

5. The record is inadequate for the Court of Appeals to determine the amount of work-loss benefits to which plaintiff is entitled. The computation of work-loss benefits must be made by the trial court.

6. The trial court erred in refusing to award plaintiff no-fault interest on the amount defendant failed to pay plaintiff for step increases plaintiff would have received had he continued working. On remand, plaintiff may claim interest on other unpaid amounts owed by defendant as determined by the trial court.

7. Plaintiff is entitled to payment of attorney fees incurred in recovering payment of increased benefits where reasonable proof of step increases in plaintiff's wages was supplied yet defendant refused to pay.

Reversed and remanded for further proceedings.

1. INSURANCE — NO-FAULT INSURANCE — WORK LOSS AND MEDICAL EXPENSES.

A purpose of the no-fault automobile insurance act is to provide a contractual right of action against one's own insurer for work loss and medical expenses arising from a motor vehicle accident (MCL 500.3107; MSA 24.13107).

2. INSURANCE — NO-FAULT INSURANCE — WORK LOSS.

An injured insured may collect from his insurer for work loss up to a set dollar amount without regard to fault under the no-fault automobile insurance act; furthermore, he may sue a negligent tortfeasor for work loss in excess of the daily, monthly, and three-year dollar limitations contained in the act (MCL 500.3105[2], 500.3107[b], 500.3135[2][c]; MSA 24.13105[2], 24.13107[b], 24.13135[2][c]).

3. INSURANCE — NO-FAULT INSURANCE — ECONOMIC LOSS.

The Legislature has divided an injured person's economic loss into two categories under the no-fault automobile insurance act: loss for which the insurer is liable and loss for which the tortfeasor is liable.

4. INSURANCE — NO-FAULT INSURANCE — WORK LOSS — FRINGE BENEFITS.

Fringe benefits paid in lieu of salary may be a proper element of

income under the work-loss provision of the no-fault automobile insurance act (MCL 500.3107; MSA 24.13107).

5. INSURANCE — NO-FAULT INSURANCE — WORK LOSS — PENSION PLAN CONTRIBUTIONS — INCOME.

An employer's contribution to a pension plan for the benefit of an employee should be considered income to the employee for purposes of the work-loss provision of the no-fault automobile insurance act where the employee's rights in the plan are vested (MCL 500.3107[b]; MSA 24.13107[b]).

6. INSURANCE — NO-FAULT INSURANCE — WORK LOSS — SOCIAL SECURITY PAYMENTS — INCOME.

An employee's interest in his employer's federal Social Security tax payment on his wages is too speculative to be considered income under the work-loss provision of the no-fault automobile insurance act (MCL 500.3107[b]; MSA 24.13107[b]).

7. INSURANCE — NO-FAULT INSURANCE — STEP RAISES — INTEREST.

An injured insured was entitled to an award of no-fault interest under the no-fault automobile insurance act on an amount the insurer failed to pay the insured for step increases the insured would have received had he continued working; the reasonableness of defendant's failure to pay is irrelevant so long as plaintiff presented reasonable proof of the increases (MCL 500.3142; MSA 24.13142).

8. INSURANCE — NO-FAULT INSURANCE — WORK LOSS — STEP INCREASES — ATTORNEY FEES.

An injured insured was entitled, under the no-fault automobile insurance act, to payment of attorney fees incurred where the insurer refused to pay step increases on the insured's wages after the insured supplied reasonable proof of the increases and the insurer presented no reasonable legal excuse for its failure to pay the increased benefits (MCL 500.3148[1]; MSA 24.13148[1]).

*Calder, Kirkendall & Logeman, P.C.* (by *Robert E. Logeman),* for plaintiff.

*Aymond & Sullivan* (by *Stephen E. Morgan),* for defendant.

Before: R. M. MAHER, P.J., and BRONSON and R. J. SNOW,* JJ.

BRONSON, J. Plaintiff sought to recover personal injury protection benefits under the no-fault automobile insurance act. Defendant admitted its liability, but contested certain elements of plaintiff's claim for work-loss benefits. The trial court ruled that plaintiff was entitled to be paid for step increases in his wage rate made after he left work due to his injuries. It ruled, however, that the following were not elements of "income" for the purpose of determining no-fault work-loss benefits:

(a) the employer's contribution to a pension plan;

(b) the employer's payment of health insurance premiums; and

(c) the employer's federal Social Security tax paid on plaintiff's wages.

In each instance, plaintiff's employer's payments stopped when he left work due to his injuries.

I. FRINGE BENEFITS

The scope of work-loss benefits under no-fault is governed by MCL 500.3107; MSA 24.13107, which states in part:

"Personal protection insurance benefits are payable for the following:

\* \* \*

"(b) Work loss consisting of loss of income from work an injured person would have performed during the first 3 years after the date of the accident if he had not been injured \* \* \*. Because the benefits received from personal protection insurance for loss of income are not taxable income, the benefits payable for such loss of income shall be reduced 15% unless the claimant pre-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sents to the insurer in support of his claim reasonable proof of a lower value of the income tax advantage in his case, in which case the lower value shall apply. The benefits payable for work loss sustained in a single 30-day period and the income earned by an injured person for work during the same period together shall not exceed $1,000.00, which maximum shall apply pro rata to any lesser period of work loss. The maximum shall be adjusted annually to reflect changes in the cost of living under rules prescribed by the commissioner but any change in the maximum shall apply only to benefits arising out of accidents occurring subsequent to the date of change in the maximum."

Work-loss benefits are limited to the amount of "income from work an injured person would have performed * * * if he had not been injured". The Supreme Court has interpreted this language, stating that work-loss benefits are limited "by definition, to the loss of wage or salary income". *Miller v State Farm Mutual Automobile Ins Co*, 410 Mich 538, 563; 302 NW2d 537 (1981). In interpreting § 3108 of the act, the Court stated:

"* * * [I]t is our conclusion that the Legislature intended that the measurement of § 3108 survivors' loss benefits should include the value of tangible things other than, and in addition to, wages and salary. The dollar value of such items as employer-provided health insurance coverage, pensions, disability benefits, and other tangible things of economic value that are lost to the surviving dependents by reason of the insured's death must be taken into account. It is apparent then, that in many cases, the total amount of 'contributions of tangible things of economic value' will exceed wage or salary income." *Miller,* p 561.

We agree with defendant that the Court clearly implied that "wage or salary income" does not include employer-provided health insurance cover-

age, pensions or disability benefits. This is dicta, however; we do not believe that the Supreme Court would uncritically equate "income" with "wage or salary income" in deciding the question presented here. See *Fox v Detroit Plastic Molding & Corporate Service,* 106 Mich App 749, 755-756; 308 NW2d 633 (1981).

If the term "income" in § 3107(b) were plain and unambiguous, no interpretation would be required or permitted. *Detroit v Redford Twp,* 253 Mich 453, 455; 235 NW 217 (1931). Income is not an unambiguous word, however, and can have many meanings. The term is most prominently defined in the federal Internal Revenue Code. Under the code, the term "wages" is narrower than the term "income"; wages are merely one form of income. *Royster Co v United States,* 479 F2d 387, 390 (CA 4, 1973). We think the federal tax definition of "income" is a strong indication that the common and approved usage of the term "income" encompasses more than just wage and salary income.

In interpreting any statutory provision, we must attempt to effectuate the Legislature's intent. A statute must be construed as a whole to determine its purpose. *Stowers v Wolodzko,* 386 Mich 119, 133; 191 NW2d 355 (1971). With the no-fault automobile insurance statute, the Legislature created a comprehensive scheme designed to provide sure and speedy compensation for certain economic losses resulting from motor vehicle accidents. *Belcher v Aetna Casualty & Surety Co,* 409 Mich 231, 240; 293 NW2d 594 (1980). A more specific purpose of § 3107 was to provide a contractual right of action against one's own insurer for work loss and medical expenses arising from an accident. *Bradley v Mid-Century Ins Co,* 409 Mich 1, 62; 294 NW2d 141 (1980).

Under the no-fault act, an injured insured may collect from his insurer for work loss up to a set dollar amount without regard to fault. MCL 500.3105(2), 500.3107(b); MSA 24.13105(2), 24.13107(b); *Bradley, supra,* p 61. Furthermore, he may sue a negligent tortfeasor for work loss (as defined in § 3107) in excess of the daily, monthly, and three-year dollar limitations contained in § 3107. MCL 500.3135(2)(c); MSA 24.13135(2)(c). It is clear that the Legislature has divided an injured person's economic loss into two categories: loss for which the insurer is liable and loss for which the tortfeasor is liable. *Bradley, supra,* p 62. It is equally clear that fringe benefits are either elements of "income" under § 3107 or their loss is one which the injured party himself must bear. If the injured party cannot collect from his insurer, he also cannot sue the tortfeasor for compensation. MCL 500.3135(2)(c); MSA 24.13135(2)(c). If we accept defendant's interpretation of "income", we must conclude that the Legislature intended that injured persons absorb the real economic losses engendered by the loss of fringe benefits.

While the Legislature has, with respect to subthreshold noneconomic loss, shown a clear intent to abolish the tort remedy without providing a substitute means of compensation (except where an uninsured motorist is involved), MCL 500.3135(1); MSA 24.13135(1), nothing in the statute indicates a legislative intent to force an injured motorist to absorb the economic loss he incurs when fringe benefits stop due to his inability to work. We conclude that fringe benefits paid in lieu of salary may be a proper element of "income" under § 3107.

We note that this Court, asked to construe the terms "wage" and "earnings" in the workers' com-

pensation law in effect in 1960, held that an employer's pension payments and group insurance payments were both part of the employee's wages. *Hite v Evart Products Co,* 34 Mich App 247, 252-254; 191 NW2d 136 (1971). Both workers' compensation and automobile insurance are remedial no-fault systems. It is reasonable to interpret similar provisions in the statutes governing these systems in the same light. *Visconti v Detroit Automobile Inter-Ins Exchange,* 90 Mich App 477, 482; 282 NW2d 360 (1979).

We also question the fairness of the system which defendant contends that the Legislature has devised. Under such a system, an employee who receives pension and health insurance benefits as fringe benefits in lieu of salary will not be compensated for the loss of those benefits due to accident, regardless of fault. An employee (or self-employed person) who is compensated in salary only will be able to (a) recover from his insurer up to a set dollar amount regardless of fault and (b) sue a tortfeasor for any excess loss. The reasons for the significantly different treatment of these two classes of persons is not apparent to us. If the Legislature had intended to save money for the insurance companies (presumably inducing lower rates), it would have been less arbitrary to allow an injured person to draw a set percentage of the value of his total salary and benefits package. We think the purposes of the legislature in adopting the no-fault statute will not be served by an unduly constricted interpretation of the word "income".

Subsequent to the submission of briefs in this case, this Court decided *Krawczyk v Detroit Automobile Inter-Ins Exchange,* 117 Mich App 155; 323 NW2d 633 (1982). The Court ruled that fringe

benefits were not elements of "income" under § 3107(b). For the reasons we have stated above, we cannot agree. We note only that our reading of the commissioner's comments following § 1(a)(5)(ii) of the Uniform Motor Vehicle Accident Reparation Act (UMVARA) does not leave us with the impression that, by inference, fringe benefits were excluded from "work loss" under the uniform act from which our concept of "work loss" is drawn. See *Pries v Travelers Ins Co,* 86 Mich App 221, 223-224; 272 NW2d 247 (1978), *aff'd* 408 Mich 870 (1980).

A. Pension Payments

In the present case, plaintiff first claims compensation for the loss of his employer's payment into a pension plan. In addition to holding that fringe benefits were not recoverable, the trial judge ruled that plaintiff was not entitled to recover the value of these payments because plaintiff had to make matching contributions to the fund and failed to do so after he left work. We disagree. The reason the employer stopped making payments was plaintiff's inability to work due to the accident. We have no doubt that an employer's contribution to a pension plan should be considered income where the employee's rights in the plan are vested. Since this is true here, there is no need to decide the question which arises when an employee's rights are not vested.

B. Health Insurance

Plaintiff claims that he is entitled to an amount equal to health insurance premiums he paid after his employer-paid health insurance was discontinued due to his inability to work. We think the best measure of loss is the amount of payment made by the employer on plaintiff's behalf. This interpretation is more consistent with the Legislature's use

of the phrase "loss of income" than that advanced by plaintiff.

About one year after plaintiff left work, his employer resumed paying his health insurance premiums under a medical disability retirement plan. Plaintiff has presented an inadequate factual basis for us to conclude that he lost income after the employer resumed these payments.

C. Social Security Tax

Finally, plaintiff seeks compensation because his employer's federal Social Security tax payment on his wages was terminated after he left work. An employee's interest in such payments is too speculative for it to be considered "income". Despite our recognition that plaintiff's inability to work probably affected his eventual entitlement to Social Security benefits, we conclude that the employer's tax is not "income" to the employee under § 3107(b).

This case was decided by summary judgment. Although the parties stipulated to the relevant facts in the trial court, the record is inadequate for this Court to determine the amount of work-loss benefits to which plaintiff is entitled. The computation of work-loss benefits must be made by the trial court in the first instance.

II. INTEREST

We also find erroneous the trial court's refusal to award plaintiff no-fault interest, MCL 500.3142; MSA 24.13142, on the amount defendant failed to pay plaintiff, representing step increases plaintiff would have received had he continued working. The reasonableness of defendant's failure to pay was irrelevant so long as plaintiff presented reasonable proof of the increases. See *Cook v Detroit Automobile Inter-Ins Exchange,* 114 Mich App 53; 318 NW2d 476 (1982). On remand, plaintiff may

claim interest on other unpaid amounts owed by defendant as determined by the trial court.

III. Attorney Fees

Where reasonable proof of step increases in plaintiff's wages was supplied, yet defendant refused to pay, plaintiff was entitled to attorney fees pursuant to MCL 500.3148(1); MSA 24.13148(1). The wage increases were part of the income from work which plaintiff would have performed if he had not been injured. MCL 500.3107(b); MSA 24.13107(b); see *Lewis v Detroit Automobile Inter-Ins Exchange,* 90 Mich App 251, 256, fn 1; 282 NW2d 794 (1979). Defendant did not present any reasonable legal excuse for its failure to pay benefits based on the step increases. See *Wood v Detroit Automobile Inter-Ins Exchange,* 99 Mich App 701, 708; 299 NW2d 370 (1980), *lv gtd* 411 Mich 900 (1981). Unless a question is presented concerning plaintiff's presentation of proof of loss, the trial judge should award attorney fees for recovery of benefits for the loss of the wage increases.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

No costs, neither party having prevailed in full.