KRUZEL v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 63369. Submitted June 8, 1983, at Lansing.—Decided
August 16, 1983. Leave to appeal applied for.

Plaintiff, Judith Kruzel, was injured in an automobile accident.
Her policy with defendant, Detroit Automobile Inter-Insurance
Exchange, included personal injury protection benefits. Defen-
dant refused to reimburse plaintiff for money expended by
plaintiff for medical hospital insurance. The insurance had
been a fringe benefit provided by her employer. Plaintiff
brought an action against defendant in the 60th District Court,
which granted judgment for plaintiff. Defendant appealed and
the Muskegon Circuit Court, R. Max Daniels, J., affirmed.
Defendant appealed by leave granted. *Held:*

An employer's contribution to a health insurance plan for
the benefit of an employee should be considered income to the
employee for purposes of the work-loss provision of the no-fault
automobile insurance act.

Affirmed.

1. INSURANCE — NO-FAULT INSURANCE — WORK LOSS — FRINGE
   BENEFITS.

   Fringe benefits paid in lieu of salary may be a proper element of
   income under the work-loss provision of the no-fault automobile
   insurance act (MCL 500.3107[b]; MSA 24.13107[b]).

2. INSURANCE — NO-FAULT INSURANCE — WORK LOSS — HEALTH
   INSURANCE PLAN CONTRIBUTIONS — INCOME.

   An employer's contribution to a health insurance plan for the
   benefit of an employee should be considered income to the
   employee for purposes of the work-loss provision of the no-fault
   automobile insurance act (MCL 500.3107[b]; MSA 24.13107[b]).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d, Automobile Insurance § 361.
   Validity and construction of "no-fault" automobile insurance plans.
   42 ALR3d 229.

*Libner, Van Leuven & Kortering, P.C. (by Robert J. Van Leuven),* for plaintiff.

*William J. Hipkiss,* for defendant.

Before: DANHOF, C.J., and ALLEN and K. N. HANSEN,* JJ.

ALLEN, J. Once again we are asked to determine what are "work loss" benefits and "loss of income from work", as those terms are used in MCL 500.3107(b); MSA 24.13107(b) of the Michigan no-fault insurance act. Specifically, is the amount which the employer was paying for an employee's hospitalization insurance policy and which was paid by the employee while the employee was not working due to injuries sustained in an automobile accident, a work loss benefit. On March 16, 1982, the trial court answered this question in the affirmative. From that decision and order, defendant appeals by leave granted.

Plaintiff, an employee of Standard Automotive Parts, was injured in an automobile collision on December 11, 1979, as a result of which she incurred injuries which disabled her from returning to employment (for purposes relevant to this lawsuit) until April 13, 1981. Defendant promptly paid plaintiff her wage loss PIP benefits, as to which there is no dispute. Among the fringe benefits associated with plaintiff's employment at Standard Automotive Parts was an employer-paid medical and hospital insurance plan with Blue Cross and Blue Shield of Michigan. Pursuant to its policy in such matters, Standard Automotive Parts, following plaintiff's disability, continued to pay Blue Cross and Blue Shield premiums for six months, terminating its contributions on June 11, 1980.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

After that date, plaintiff, in order to retain health and medical insurance coverage, undertook payment of the weekly premiums herself at the rate of $21.67 per week, and she continued to make those payments through April 15, 1981. In that span of time, plaintiff paid premiums aggregating $975.17. When defendant refused to reimburse plaintiff for these payments, plaintiff brought suit. The district court held in favor of plaintiff and, on appeal, the circuit court affirmed. On July 7, 1982, this Court entered an order granting defendant's application for leave to appeal.

The precise issue raised on appeal in this case has been twice decided with diverse results by this Court. In *Krawczyk v DAIIE,* 117 Mich App 155; 323 NW2d 633 (1982), this Court held that $390 paid for health insurance during plaintiff's injury was not a work loss benefit recoverable under § 3107(b).

"This Court is convinced, therefore, that work-loss benefits as per § 3107(b) are limited to lost wages or salary income. The trial court erred in granting benefits for profit sharing and pension contributions. *The circuit court erred by concluding that the substitute health insurance costs were recoverable work-loss benefits."* 117 Mich App 162. (Emphasis supplied.)

In so doing, the Court relied strongly on the Supreme Court's language in *Miller v State Farm Mutual Automobile Ins Co,* 410 Mich 538; 302 NW2d 537 (1981).

"In part IIIA of Justice RYAN's opinion, which all the Justices concurred with, he interpreted § 3108, survivors' benefits, by comparing it to § 3107(b), work-loss benefits. The definition of work-loss benefits was not an issue on appeal. However, the Court plainly put its

judicial mind to the definition of that phrase when it stated: 'work loss benefits are limited, by definition, to the loss of wage or salary income'. *Miller, supra,* 563." 117 Mich App 161.

However, in *Farquharson v Travelers Ins Co,* 121 Mich App 766; 329 NW2d 484 (1982), a different panel of this Court came to the opposite conclusion. In that case, the trial court had ruled that, while plaintiff was entitled to step increases in his wage rate made after he left work due to his injuries, plaintiff was not entitled to reimbursement for health insurance payments of $91.54 a month paid by the plaintiff for replacement insurance after his employer-paid insurance was discontinued due to plaintiff's inability to work. Our Court denied reimbursement at $91.54 but held plaintiff was entitled to benefits based on the amount of contributions his employer would have made to the group plan for plaintiff's coverage if plaintiff had not been injured.[1] The Court rejected *Krawczyk* saying:

"Subsequent to the submission of briefs in this case, this Court decided *Krawczyk v Detroit Automobile Inter-Ins Exchange,* 117 Mich App 155; 323 NW2d 633 (1982). The Court ruled that fringe benefits were not elements of 'income' under § 3107(b). For the reasons we have stated above, we cannot agree. We note only that our reading of the commissioner's comments following § 1(a)(5)(ii) of the Uniform Motor Vehicle Accident Reparation Act (UMVARA) does not leave us with the impression that, by inference, fringe benefits were excluded from 'work loss' under the uniform act from

---

[1] The Court reasoned that the value of the employer contributions to the group plan, which should be lower than a no-fault claimant would pay for replacement insurance, more accurately would represent the income lost because of the accident. However, in the instant case, Kruzel did not take out replacement insurance but instead paid the insurer (Blue Cross and Blue Shield) the premiums which otherwise would have been paid by Standard Automotive Parts.

which our concept of 'work loss' is drawn. See *Pries v Travelers Ins Co,* 86 Mich App 221, 223-224; 272 NW2d 247 (1978), *aff'd* 408 Mich 870 (1980)." 121 Mich App 773-774.

In our opinion, *Farquharson* is the better reasoned opinion. We do not believe the Legislature intended to exclude fringe benefits from "work loss" benefits. Fringe benefits are a form of income payable in kind rather than in cash. If fringe benefits paid by the employer are excluded under § 3107(b), an employee who receives the cash equivalent of the benefit and buys his or her health insurance would be entitled to reimbursement, but plaintiff, and all others like her, would not. This is an unreasonable result and one which we do not believe the Legislature intended. Furthermore, excluding employer paid "fringe benefits" from the ambit of "work loss" would be inconsistent with the broad policy objectives of the no-fault statute.

Accordingly, we conclude that hospitalization premium payments normally paid by the employer constitute a "loss of income from work" and are reimbursable under § 3107(b).

Affirmed. No costs, a question of public importance being involved.