HARTOUGH *v.* SAFEWAY LINES, INC.

ON REHEARING.

1. APPEAL AND ERROR—EXCESSIVE DAMAGES—REMITTITUR.
   To the end that litigation may be expeditiously terminated and retrials avoided it is desirable, when the only ground for reversal of an action for damages is that an excessive amount was awarded by the jury, that the plaintiff be afforded an opportunity for affirmance upon remittitur of a specified amount.

2. SAME—REMITTITUR—JURY TRIAL.
   The practice of permitting a plaintiff to file a remittitur does not deprive litigants of trial by jury since they have already had such a trial.

3. DAMAGES—HEAD AND ARM INJURIES—EXCESSIVE VERDICT—REMITTITUR.
   Verdict of $16,000 for one who had been hospitalized for six weeks for head contusion, transverse fracture of the humerus at the juncture of the medial and lower parts of left arm, and a comminuted fracture of right elbow, resulting in almost permanent deformities, because of alleged wilful and wanton misconduct of driver on bus on which plaintiff was a passenger, *held,* excessive, but former opinion requiring new trial is modified as to both defendants to permit remittitur by plaintiff of all in excess of $5,000 or have reversal with a new trial.

4. COSTS—REMITTITUR.
   Upon conditional affirmance of verdict and judgment of $16,000 by permitting plaintiff to file remittitur of all in excess of $5,000 or have reversal with a new trial, costs of Supreme Court are allowed appellant.

   WIEST, POTTER, and CHANDLER, JJ., dissenting.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted October 5, 1938. (Docket No. 38,

Calendar No. 40,216.)    Decided April 4, 1939.    Submitted on rehearing October 3, 1939.    Decided November 9, 1939.

Case by William C. Hartough against Safeway Lines, Inc., an Indiana corporation, and another for personal injuries sustained when he was ejected from defendant's bus.  Judgment for plaintiff.  Defendant corporation appeals.  Affirmed conditionally on rehearing.

*Brownson, Murray & Marco,* for plaintiff.

*Mason, Davidson & Mansfield,* for defendant.

### On Rehearing.

North, J.   Upon our original hearing of this trespass case it was reversed for the sole reason that the damages awarded for personal injuries, et cetera, were excessive.   Contrary to the usual practice in this court no provision was made for affirmance conditioned upon remittitur of damages by plaintiff in a specified amount.   Upon this rehearing plaintiff asks this court, if it still considers the damages excessive, to "state a sum to be remitted on condition of affirmance."

Review of this court's decisions will disclose that in cases wherein the only ground for reversal is that of excessive damages the established practice, with very few exceptions, is to afford opportunity for affirmance upon remittitur by plaintiff of a specified amount.   This phase of our practice is desirable for obvious reasons.   For example, a result which courts should seek to obtain is an expeditious end of litigation.   Avoidance of retrials saves useless expense of relitigating, and it obviates the hazard of loss of material witnesses occasioned by delay.   The accident in the instant case happened nearly four years ago.

The quotation of my Brother in his opinion on this rehearing from Lord Phillimore, in *Lionel Barber & Co.* v. *Deutsche Bank London Agency,* L. R. (1919) A. C., 304, 335; quoted in *Dimick* v. *Schiedt,* 293 U. S. 474, 481 (55 Sup. Ct. 296, 95 A. L. R. 1150), is clearly out of step with the established practice in this jurisdiction in so far as it purports to deny that courts have the power to order a remittitur as a condition of denying a motion for a new trial. But it should be noted that the court's opinion in the *Dimick Case* is in full accord with the practice in this jurisdiction, and is an outstanding authority confirming the power of courts to provide conditionally for remittitur. The question before the United States supreme court in the *Dimick Case* was the right or power of a court, as a condition of denying a plaintiff's motion for new trial because of claimed inadequacy of damages, to *increase* the amount of damages awarded by the jury, the defendant having consented to such increase. It was not a case involving the question of the right or power of a court to order affirmance conditioned upon remittitur. After an exhaustive review of early English decisions and decisions in the United States supreme court, Mr. Justice Sutherland, who wrote the opinion in the *Dimick Case,* said:

"In the light reflected by the foregoing review of the English decisions and commentators, it, therefore, may be that if the question of *remittitur* were now before us for the first time, it would be decided otherwise. But, first announced by Mr. Justice Story in 1822, the doctrine has been accepted as the law for more than a hundred years and uniformly applied in the Federal courts during that time. And, as it finds some support in the practice of the English courts prior to the adoption of the Constitution, we may assume that in a case involving a remittitur,

*which this case does not,* the doctrine would not be reconsidered or disturbed at this late day.''

And Mr. Justice Sutherland further added:

''The power to increase the verdict of a jury conditionally does not follow as a necessary corollary from the power to decrease it conditionally. * * * It is worthy of note that while for more than a century the Federal courts have followed the approved practice of conditioning the allowance of a new trial on the consent of plaintiff to remit excessive damages, no Federal court, so far as we can discover, has ever undertaken similarly to *increase* the damages.'*

In the instant case we are not at all concerned with the power of the courts ''to increase the damages,'' but instead the question is the right to order remittitur conditionally. In cases too numerous to cite we have ordered affirmance conditioned on minimization of damages. It sometimes happens that this seems to be the only way in which courts can end litigation. Such an instance will be found in Mr. Justice POTTER's opinion in *Crippen* v. *Chatterton,* 244 Mich. 451. The syllabus reads:

''Where an action for conspiracy to defraud has been thrice tried, and each trial resulted in a verdict for plaintiff, and on former review the Supreme Court held that there was testimony taking the case to the jury, the judgment for $60,000 is reduced to $30,000 and affirmed conditional on plaintiff's acceptance, or new trial granted.''

Our practice in this particular does not result in depriving litigants of trial by jury. They have already had such a trial; and our affirmance of a jury's verdict conditioned upon minimizing damages is no more than a holding by this court that the record discloses plaintiff's right to recover and that the damages which should have been awarded are *at least* in the amount fixed by this court. The prac-

tice is no different than in those cases wherein this court holds, as it often has, that the amount awarded by a jury is not excessive. For when we minimize damages we say no more than this: "If the jury had awarded damages in such an amount (instead of the larger amount that was awarded), the verdict would not have been excessive and in that amount it should be affirmed."

In the instant case the record is such that had the jury fixed plaintiff's damages in the amount of $5,000 it would have been affirmed as against appellant's contention that such amount was excessive. Our former opinion should stand affirmed in so far as we held therein that the damages awarded by the jury were excessive; but it should be modified as to both defendants by providing that upon remittitur by plaintiff of damages in excess of $5,000 within 30 days the judgment entered in the circuit court will be affirmed. Otherwise the judgment will be reversed and new trial ordered. In either event appellant will have costs of this court.

BUTZEL, C. J., and BUSHNELL, SHARPE, and McALLISTER, JJ., concurred with NORTH, J.

WIEST, J. (*dissenting*). In this case we found the damages awarded plaintiff excessive and granted a new trial. *Hartough* v. *Safeway Lines, Inc., ante,* 471.

On plaintiff's application we granted a rehearing.

Plaintiff asks affirmance of the judgment stating, however:

"That if, upon reconsideration, the court still deems the damages excessive, it state a sum to be remitted on condition of affirmance."

Upon reconsideration we are still of the opinion that the damages awarded were so excessive as to preclude granting a conditional remittitur.

Under the record the following observation of Lord Phillimore, in *Lionel Barber & Co., Limited,* v. *Deutsche Bank London Agency,* L. R. (1919) A. C., 304, 335, cited and quoted in *Dimick* v. *Schiedt,* 293 U. S. 474, 481 (55 Sup. Ct. 296, 95 A. L. R. 1150), is applicable:

" 'Where damages are at large and the court of appeal is of opinion that the sum awarded is so unreasonable as to show that the jury has not approached the subject in a proper judicial temper, has admitted considerations which it ought not to have admitted, or rejected or neglected considerations which it ought to have applied, it is the right of the party aggrieved to have a new trial. He is not to be put off by the court saying that it will form its opinion as to the proper sum to be awarded, and reduce or enlarge the damages accordingly. He is entitled to an assessment by a jury which acts properly. He is not to be put off by a composite decision, or I might describe it as a resultant of two imperfect forces—an assessment partly made by a jury which has acted improperly and partly by a tribunal which has no power to assess.' "

Plaintiff claims that defendant Larson not having appealed, the court may not grant a new trial as to him.

The judgment was joint and reversal on the appeal of one commanded reversal as to both and the case stands for trial *de novo* as though it had never been tried. *Powers* v. *Irish,* 23 Mich. 429; *Hall* v. *Calhoun Circuit Judge,* 123 Mich. 555; *Hoeft* v. *Kock,* 171 Mich. 564.

The judgment should be reversed and a new trial granted, with costs to defendants.

POTTER and CHANDLER, JJ., concurred with WIEST, J.