MOYER *v.* SHAMPO.

1. DAMAGES—BURDEN OF PROOF.
    A plaintiff in a tort action has the burden of proof as to damages he sustained, such as lessened earning capacity.

REFERENCES FOR POINTS IN HEADNOTES
[1] 15 Am Jur, Damages § 358.
[2, 3] 15 Am Jur, Damages § 205.

2. SAME—EVIDENCE—EARNING CAPACITY—PAIN AND SUFFERING.

Jury's award of $1,500 to plaintiff for personal injuries sustained in automobile accident *held,* within its reasonable discretion under evidence adduced as to loss of earning capacity and pain and suffering involved.

3. SAME—EVIDENCE—SUPREME COURT.

The Supreme Court will not disturb the evaluation a jury makes of the evidence as to damages in a tort case, if satisfied that its findings are supported by the evidence presented.

Appeal from Hillsdale; Arch (Charles O.), J. Submitted June 2, 1959. (Docket No. 15, Calendar No. 48,061.) Decided October 13, 1959.

Case by Oakley Barrett Moyer against Francis L. Shampo for personal injuries and property damage resulting from automobile collision. Verdict and judgment for plaintiff, who claims them inadequate. Motion for new trial denied. Plaintiff appeals. Affirmed.

*Felix F. Best,* for plaintiff

*Dimmers & MacRitchie,* for defendant.

SMITH, J. Plaintiff was injured in an automobile accident. Defendant admitted his negligence and plaintiff's freedom from contributory negligence but contested, as excessive, plaintiff's damage claim of $25,000. The case having gone to a jury on the question of damages, a verdict was returned in the sum of $1,500. A motion for a new trial was made on the grounds that the verdict was grossly inadequate, and that it was contrary to the great weight of the evidence. From a denial of the motion, this appeal has been taken. The trial judge declared, in an opinion on the motion: "In simple language, they did not believe his story and awarded damages accordingly."

Plaintiff had testified that he had returned to work 6 weeks after the accident, had worked for a week (for which he was paid $98.40), but had been unable to continue due to severe pains he felt in exerting the muscles in his shoulder and neck. He was out of work for approximately 9 weeks thereafter, then worked at a reduced rate, and only part time, for a period of 2 weeks. His claim of compensation for loss of earnings is posited upon continuing physical impairment and the availability of work, full time, at $98.40 a week, had he been well. Upon these facts, of course, he carries the burden of proof. If the jury had credited plaintiff's testimony, it might have found that his earnings were reduced, as a consequence of the accident, by a sum in excess of $1,500. The testimony that he experienced severe and crippling pains some 16 weeks after the accident conflicted with inferences that might reasonably have been drawn from other testimony regarding the nature and extent of his injuries.

The jury might have found that plaintiff's earning capacity was impaired only during the 6 weeks following the accident. Such a conclusion would not have been contrary to the great weight of the evidence: plaintiff did indeed return to work at the end of that period. The jury thus might have found a loss of 6 weeks' earnings at the testified rate of $98.40 per week, awarding such sum, together with $500 or $600 to compensate for pain and suffering. Such amount would be within the reasonable discretion of the jury. See *Sebring* v. *Mawby,* 251 Mich 628.

We do not wish to suggest that the testimony necessitates such findings or that we are assured of the probability that they were made. Judicial review does not involve such conjecture. We must be satisfied merely that a basis for the verdict of the

jury may be found in a sound evaluation of the evidence. And we are so satisfied.

Affirmed, with costs to defendant.

Dethmers, C. J., and Carr, Kelly, Black, Edwards, Voelker, and Kavanagh, JJ., concurred.