LEWIS v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 78-136. Submitted April 3, 1979, at Grand Rapids.—Decided May 21, 1979.

John Lewis was injured in an automobile accident and brought an action against his insurer, Detroit Automobile Inter-Insurance Exchange, for work loss benefits. At the time of the accident Lewis was temporarily laid off from his employment, and he presented evidence that but for his injury he would have been called back to work a few weeks after the accident. He also sought to establish a loss of income from self-employment. In addition to his employment he operates a small grocery store and claimed that he had to hire someone to do heavy work in the store. The jury awarded plaintiff damages of $25,000 and judgment was entered in this amount, Kent Circuit Court, George R. Cook, J. The trial court denied plaintiff attorney fees and 12 percent interest on the judgment. Defendant appeals, alleging that the award of damages was excessive, and plaintiff cross-appeals. *Held:*

1. A jury instruction on expenses incurred for personal services should not have been given, because the cost to the plaintiff in hiring help for his store was associated with the generation of income and should have been a factor considered in the plaintiff's loss of income. The expense provision only applies to expenses incurred "not for income".

2. The jury was properly allowed to consider the income, including overtime, that the plaintiff would have earned after his temporary unemployment would have ended.

3. The verdict was clearly excessive, taking the evidence in the light most favorable to the plaintiff. The defendant is entitled to either a *remittitur* or a new trial.

4. The trial court's denial of attorney fees and 12 percent interest was not error.

Affirmed in part, reversed in part, and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] New Topic Service, No-Fault Insurance § 30.
[2] New Topic Service, No-Fault Insurance § 29.
[3] 58 Am Jur 2d, New Trial § 150.

1. Automobiles — Insurance — Work Loss Benefits — Expenses — Instructions to Jury — Statutes.

The provision in the no-fault automobile insurance act which allows benefits for expenses for obtaining services otherwise performed by the injured party applies only to expenses incurred "not for income"; an instruction to a jury regarding expenses was erroneous where the injured party claimed that because of his injury he had to hire someone to do the heavy work in his grocery store, which was not an "expense" under this portion of the statute but was associated with the generation of income and, therefore, was a factor to be considered in calculating "loss of income" (MCL 500.3107[b]; MSA 24.13107[b]).

2. Automobiles — Insurance — Work Loss Benefits — Temporarily Unemployed Persons — Statutes.

The no-fault automobile insurance statute provides for work loss benefits for an injured person who is temporarily unemployed based on earned income for the last month employed full time preceding the accident; this provision does not limit work loss benefits for wages the injured person would have earned, but for the injury, after the temporary unemployment would have ended (MCL 500.3107a; MSA 24.13107[1]).

3. Damages — Excessive Damages — New Trial — Court Rules.

A new trial may be ordered where an excessive award of damages appears to have been influenced by passion or prejudice or where a sound evaluation of the evidence reveals no basis for a clearly excessive verdict (GCR 1963, 527.1[3], [4]).

*Bernstein & Bernstein (Edward Grebs,* of counsel) (by *Harvey M. Howitt),* for plaintiff.

*Allaben, Massie, Vander Weyden & Timmer* (by *Sam F. Massie, Jr.,* and *Richard A. Nash),* for defendant.

Before: D. E. Holbrook, Jr., P.J., and R. B. Burns and Bashara, JJ.

R. B. Burns, J. In this action to recover no-fault benefits under an automobile insurance policy issued by defendant to plaintiff, a jury returned a

verdict for plaintiff of $25,000. The trial court denied plaintiff attorney fees and 12 per cent interest on the judgment. Defendant's motion for new trial on grounds that the verdict was excessive was denied. Defendant appeals and plaintiff cross-appeals.

Plaintiff was injured in an automobile accident on April 23, 1976. It is undisputed that he was disabled as a result of the accident. Defendant voluntarily paid medical expenses, but denied plaintiff's claim for work loss benefits as not supported by reasonable proof. This action ensued.

Plaintiff presented evidence at trial indicating that he was temporarily laid off from his employment at American Steel Line Company in December, 1975. Prior to his lay-off he was working 40 hours per week at $3.50 per hour. But for his injury, he would have been called back to work in June, 1976, and up to the date of trial would have worked an additional 10 hours per week overtime at time and a half. Additionally, his base rate of pay would have increased to $3.75 per hour in July, 1976. Defendant sought to prove that plaintiff had actually quit permanently in December, 1976, and would not have returned to work if called back.

Plaintiff also presented evidence tending to establish a loss of income from self-employment. Plaintiff operates a small grocery store. He testified that he had to hire someone at $120 per week to do heavy work, like stocking shelves, which he could no longer do himself. However, he could still do light work, like running the cash register, and spent more hours in the store than he had when working for American Steel Line Company. As a consequence of his increased presence in the store, business had increased. However, plaintiff's book-

keeping was in disarray. Defendant sought to prove that the store was so unprofitable that plaintiff lost no income from the operation of the store as a result of his disability. Additionally, defendant sought to prove that plaintiff had not actually paid anyone to do heavy work in the store.

The primary issue raised by defendant on appeal is whether the verdict was excessive. Before we may reach that issue, however, we must resolve two related issues concerning the correct method for calculating benefits.

MCL 500.3107(b); MSA 24.13107(b) provides for two categories of work loss benefits. The first consists of "loss of income from work an injured person would have performed during the first 3 years after the date of the accident if he had not been injured", reduced generally by 15 per cent to reflect the non-taxable status of the benefit, and subject to a maximum, in this instance $1,213 per 30-day period. The second consists of "expenses not exceeding $20.00 per day, reasonably incurred in obtaining ordinary and necessary services in lieu of those that, if he had not been injured, an injured person would have performed during the first 3 years after the date of the accident, not for income but for the benefit of himself or of his dependent".

The trial court in this case instructed the jury on both types of work loss. Defendant objected to the instruction on expenses because no evidence of expenses was presented. Plaintiff argued to the jury for $120 per week as expenses incurred by plaintiff to hire someone to take over the heavy work in his store.

The trial court should not have instructed the jury on expenses. The $120 per week expenditure was associated with the generation of income, and

was a factor to be considered in the calculation of "loss of income". The expenses provision applies only to expenses incurred "not for income", such as lawn maintenance, household cleaning, babysitting and the like. The effect of the instruction was to take some "loss of income" out from under the 15 per cent and maximum provisions associated with "loss of income" work loss.

Under MCL 500.3107(b); MSA 24.13107(b), a person temporarily unemployed would receive no work loss benefit for loss of income during the period of unemployment since he would have performed no work had he not been injured. MCL 500.3107a; MSA 24.13107(1) expands the general work loss provision of MCL 500.3107(b); MSA 24.13107(b) to provide work loss benefits for an injured person who is temporarily unemployed based on earned income for the last month employed full time preceding the accident.

The trial court instructed the jury that, if it found plaintiff was temporarily laid-off from his American Steel Line Company employment, he was entitled to work loss benefits during his disability based on earned income for the last month employed full time prior to the accident. Additionally, if the jury found plaintiff would have returned to work when called back, the jury could consider any increase in wages and overtime plaintiff would have received but for the injury. Defendant objected to jury consideration of increased wages and overtime, citing MCL 500.3107a; MSA 24.13107(1). However, this statute merely provides for work loss benefits during unemployment, and does not purport to limit benefits after temporary unemployment would have ended. Rather, the statute is expressly made subject to MCL 500.3107(b); MSA 24.13107(b), which allows recov-

ery of work loss based upon what the injured person would have actually earned. The jury was properly allowed to consider what plaintiff would have earned after his temporary unemployment would have ended.

A new trial may be ordered where an excessive award of damages appears to have been influenced by passion or prejudice, GCR 1963, 527.1(3), or where a sound evaluation of the evidence reveals no basis for a clearly excessive verdict, GCR 1963, 527.1(4), *Moyer v Shampo,* 357 Mich 391; 98 NW2d 631 (1959).

The verdict in this case was clearly excessive. It is apparent from the size of the verdict that the jury resolved all credibility issues in favor of plaintiff. Having done so, the calculation of damages became a matter of arithmetic, requiring no judgment calls on such near imponderables as pain and suffering. Taking the evidence in the light most favorable to plaintiff, the most that plaintiff was entitled to in work loss benefits was $16,930.81.[1] The instructional error by the trial

---

[1] Our calculations are based upon 14.5 30-day periods between disability and trial. We assume a loss of self-employment income of $120 per week on the basis that the jury could infer plaintiff would have received this amount as profit but for his disability, that business would have increased in the store even if plaintiff had not been disabled, and that the store was sufficiently profitable to return at least $120 per week in income. Thus:

A. Income from self employment:

$120 per week × 4.3 weeks per month × 14.5 months = $7,482.

B. Income from American Steel Line Company:

1) During lay-off: April/May

$3.50 per hour × 40 hours per week × 5.3 weeks = $7.42.

2) During June:

Base rate ($3.50 per hour × 40 hours per week × 4.3 weeks) + overtime ($5.25 per hour × 10 hours per week × 4.3 weeks) = $827.75.

3) From July to trial:

(Base rate [$3.75 per hour × 40 hours per week × 4.3 weeks] + overtime [$5.63 per hour × 10 hours per week × 4.3 weeks]) × 12.25 months = $10,866.85.

4) Total April to trial: $12,436.60.

court was too insignificant to account for the difference. It may be that the jury ignored the trial court's order of directed verdict in favor of defendant on plaintiff's punitive damages count, or it may be that the jury either did not understand how to calculate damages or was unable to perform the necessary calculations. Whatever the cause, defendant is entitled to either a *remittitur* of the excess over $16,930.81, or a new trial. See *Hartough v Safeway Lines, Inc,* 288 Mich 703; 288 NW 307 (1939).

Plaintiff argues that the trial court erred in denying its request for attorney fees, MCL 500.3148; MSA 24.13148, and 12 per cent interest on the judgment, MCL 500.3142; MSA 24.13142. The record supports the trial court's determination that plaintiff did not submit reasonable proof of loss and that defendant did not unreasonably refuse or delay payment. There was no error.

Affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion. Costs to defendant.

C. Total income: $19,918.60

D. Less 15%: $16,930.81.

Since in no 30-day period did plaintiff earn the maximum of $1,213, the total work loss benefit to which he is entitled is $16,930.81.