John W. BROWN, Plaintiff,

v.

FIREMAN'S FUND INSURANCE
COMPANY, Defendant.

Civ. No. 78–72235.

United States District Court,
E. D. Michigan, S. D.

March 3, 1980.

John L. Crowley, Kozlow, Woll, Crowley & Berman, Southfield, Mich., for plaintiff.

Michael E. Thoits, Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, Detroit, Mich., for defendant.

OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND TO FILE AMENDED PLEADINGS

COHN, District Judge.

On February 2, 1976 plaintiff was injured in an automobile accident. Defendant paid him work loss benefits under M.C.L.A. § 500.3107(b) until March 31, 1978 claiming he was then able to return to work. Plaintiff then sued claiming his inability to work continued after that date.

Plaintiff's loss of income from work was apparently initially computed on the basis of his 1975 income tax returns. Sometime in 1979 during the course of discovery defendant examined plaintiff's 1976 income tax returns which showed a business income of $321.00 for that year. Defendant says that since plaintiff worked 7.8 weeks in 1976 prior to the accident his loss of income was $164.60 a month and, therefore, for the full three years of benefits to which plaintiff is entitled at most his loss of income would be $6,000.00, substantially less than the amount already paid by defendant.

■ Defendant now moves for summary judgment and for leave to file an amended answer and a counterclaim alleging gross overpayment. The motion for summary judgment has attached to it plaintiff's 1976 income tax return and an affidavit of defendant's lawyer. Defendant cites in support of its position, M.C.L.A. § 500.3107a, which defines the basis for determining work loss for an injured person temporarily

unemployed as the earned income for the last month the injured person is employed preceding the accident. However, there appears to be no basis for suggesting plaintiff was temporarily unemployed at the time of the accident and, therefore, § 500.3107a is simply not applicable.

F.R.Civ.P. 13(f) and F.R.Civ.P. 15(a) both allow for delayed amended pleadings under certain circumstances. While it may be argued that defendant raised its claim of overpayment within 60 days after examining plaintiff's 1976 income tax return and, therefore, the amended pleadings are timely and should be allowed, they are so intertwined with the motion for summary judgment that they should be considered together with it.

■ F.R.Civ.P. 56 requires that there be no genuine issue as to any material fact for summary judgment. Plaintiff was self-employed at the time of the accident. Neither of the parties offer the Court any assistance in determining how work loss benefits are to be computed under such circumstances. The statute offers no guidance; no cases are cited interpreting the statute. *Lewis v. D. A. I. I. E.*, 90 Mich.App. 251, 282 N.W.2d 794 (1979), indicates the complexity of the computation in some cases.

Use of plaintiff's income tax for 1976, and particularly the formula suggested by defendant, is too simple. Even a cursory examination of the tax returns shows that individual items of income and deduction are not necessarily related to the first two months of February, 1976. For example, one of the deductions is for truck insurance, an item which must be apportioned over the full twelve months.

Enough has been said to indicate why the Court cannot proceed on the basis of the papers before it. Putting aside the question of defendant's right to recover overpayments, the parties must offer the Court more in the way of authority for determining how "work loss consisting of loss of income from work" is computed before the Court will rule on the pending motions. Accordingly, they will be DENIED without prejudice.

SO ORDERED.