DAVIDSON v GENERAL MOTORS CORPORATION (ON
REHEARING)

Docket No. 57200. Submitted June 4, 1982, at Detroit.—Decided May
29, 1984. Leave to appeal denied, 419 Mich __.

Plaintiff, Jerome A. Davidson, brought an action in the Wayne
Circuit Court against defendant, General Motors Corporation,
alleging breach of contract. The jury awarded Mr. Davidson
$4.5 million in damages. The trial court, John D. O'Hair, J.,
then ordered a *remittitur* of the award to $2,867,160. Defen-
dant appealed from the judgment in favor of plaintiff and from
an order of the trial court denying defendant's motion for
judgment notwithstanding the verdict or for a new trial. Plain-
tiff cross-appealed from the order of the trial court remitting a
portion of the damages awarded by the jury. The Court of
Appeals reversed and remanded for a new trial limited to the
issue of damages. 119 Mich App 730 (1982). On February 18,
1983, the Court of Appeals granted plaintiff's application for
rehearing to decide whether the Court of Appeals erred in its
initial opinion by holding that defendant was entitled to a new
trial on the issue of damages. On rehearing, *held:*

1. The trial court did not palpably abuse its discretion by
refusing to grant a new trial on the issue of damages. The
Court of Appeals noted that even though it agreed that the
final award of damages was probably inaccurate it could not
conclude that it was excessive.

2. While certain deficiencies in the calculations of witness
Henderson necessarily led to mistakes in the judge's calculation
of allowable damages, those mistakes did not result in an
excessive verdict after *remittitur.*

3. It was not unfair to presume in measuring the plaintiff's
damages that benefits which flowed to the plaintiff's wholly
owned corporation would ultimately be received by plaintiff as
its sole owner. Plaintiff is entitled to damages based on all

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur 2d, New Trial §§ 212, 213.
[2] 58 Am Jur 2d, New Trial §§ 150-152.
[3] 22 Am Jur 2d, Damages §§ 366, 371.

benefits which would have flowed to him through the corporate form absent defendant's breach of contract.

4. The method of ascertaining damages used by the trial judge, "variable gross profit", was likely to understate the damages proven. The errors alleged to be inherent in the "variable gross profit" method of calculating damages used by witness Henderson would not result in an excessive verdict. The amount eventually awarded after *remittitur* was within the range of evidence presented by plaintiff. Since the trial court adopted an approach to determining damages which did not result in excessive damages, there was no abuse of discretion.

The decision of the trial court is affirmed.

R. M. MAHER, J., dissented and noted that he continues to adhere to the result and reasoning expressed in the original opinion of the Court of Appeals in this case.

OPINION OF THE COURT

1. NEW TRIAL — APPEAL.

Trial courts have a large measure of discretion in the matter of granting new trials; the Court of Appeals will not interfere unless the trial court's abuse of that discretion is palpable.

2. DAMAGES — EXCESSIVE DAMAGES — NEW TRIAL — COURT RULES.

A new trial on the issue of damages may be granted where it is shown that the jury's verdict was clearly or grossly excessive; the trial court must carefully evaluate the evidence and decide whether any basis exists for the jury's verdict (GCR 1963, 527.1[4]).

3. DAMAGES — EXCESSIVE DAMAGES — JURY.

A jury's verdict may be set aside as excessive in an action where damages are measured by fixed rules and principles, such as in a contract action, where it can be concluded that the jury must have disregarded such rules and principles.

*van Benschoten, Hurlburt & van Benschoten, P.C.* (by *Harvey E. van Benschoten*), for plaintiff.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Donald E. Shely* and *Kathleen McCree Lewis*), and *Elmer W. Johnson,* General Counsel (by *Robert W. Culver* and *Lee A. Schutzman*), of counsel, for defendant.

Before: BRONSON, P.J., and R. M. MAHER and M. WARSHAWSKY,* JJ.

PER CURIAM. We granted plaintiff's application for rehearing to decide whether we erred in our initial opinion by holding that defendant was entitled to a new trial on the issue of damages. Upon rehearing, we conclude that we did err and affirm the decision of the trial court.

This was an action for breach of contract. Plaintiff alleged, and the jury must have found, that defendant drove plaintiff out of business by breaching its contract with him. The jury awarded plaintiff $4.5 million in damages. The trial court ordered a *remittitur,* GCR 1963, 527.6, to $2,867,-160. This award was accepted by plaintiff who, however, cross-appealed from the decision to order *remittitur.* In our initial opinion, we sustained defendant's claim that it was error for the judge to rely on evidence which measured plaintiff's damages solely by reference to the lost profits of his wholly owned corporation.

Trial courts have a large measure of discretion in the matter of granting new trials and this Court will not interfere unless the abuse of that discretion is palpable. *Moore v Spangler,* 401 Mich 360, 372; 258 NW2d 34 (1977). To warrant a new trial on damages, defendant had to show that the jury's verdict was clearly or grossly excessive. GCR 1963, 527.1(4). The trial judge had to carefully evaluate the evidence and decide whether any basis existed for the jury's verdict. *Lewis v Detroit Automobile Inter-Ins Exchange,* 90 Mich App 251, 256; 282 NW2d 794 (1979). Where damages are measured by fixed rules and principles, as in a contract action, the jury's verdict may be set aside as

* Circuit judge, sitting on the Court of Appeals by assignment.

excessive where it can be concluded that the jury must have disregarded such rules and principles. *Guzowski v Detroit Racing Ass'n, Inc,* 130 Mich App 322, 328; 343 NW2d 536 (1983). See also 22 Am Jur 2d, Damages, § 370, p 477. Upon rehearing, we conclude that the trial judge did not palpably abuse his discretion by refusing to grant a new trial on the issue of damages. Even though we agree that the final award of damages was probably inaccurate, we cannot conclude that it was excessive.

The trial judge made numerous legal rulings in deciding to grant *remittitur* but not to grant a new trial. His determination to allow damages based on the testimony of economist John P. Henderson did not award any damages for the years 1968 and 1969. He also held that damages for the years 1979-1988 were too speculative to be determined. Of the three approaches to damages presented in evidence by plaintiff, he allowed that which proved the least damages. While certain deficiencies in the calculations of witness Henderson necessarily led to mistakes in the judge's calculation of allowable damages, these mistakes did not result in an excessive verdict after *remittitur.*

Admittedly, no evidence was presented showing the relationship of corporate profits to plaintiff's reasonable expectations as the sole owner of the corporation. No evidence was presented, however, indicating that equating corporate profits to benefits to the sole shareholder would inaccurately measure damages. In the circumstances of this case, it was not unfair to presume that benefits which flowed to the corporation would ultimately be received by plaintiff as its sole owner. Defendant presented no evidence to indicate otherwise.

We find defendant's arguments on this point

unconvincing. Although a corporation has tax liability, defendant cannot be allowed to assert the rights of the tax collector in order to avoid liability for the damages it caused. Many of defendant's arguments concerning the corporation's failure to pay its debts, which led to receivership, which led to the compromise of the debts, are subject to the same objection: these are rights which belong to, and should be asserted by, another. The evidence presented at trial does not persuasively support defendant's claim that substantial reductions from the award of damages must be made in order to account for plaintiff's doing business in corporate form.

We specifically reject the claim that damages may be based only upon proof of actual distribution of bonuses and dividends to plaintiff. Plaintiff is entitled to damages based on all benefits which would have flowed to him through the corporate form absent defendant's breach of contract. Again, we find nothing in the evidence which indicated that such benefits were substantially less than corporate profits.

Defendant also claims that the use of "variable gross profit" figures to calculate damages was improper. In his opinion granting *remittitur,* the trial judge stated that this loss figure "was equated to a loss of net profit". We agree that this equation can be drawn without substantially overstating net profit. Although we find that this means of calculating damages is likely to be inaccurate, we do not believe that it is likely to produce an excessive verdict. If anything, the calculations of witness Henderson were designed to understate the loss of profits for the years to which they were applied.

In summary, we find that the method of ascer-

taining damages used by the trial judge was likely to understate the damages proven. The errors alleged to be inherent in the method of calculating damages used by witness Henderson would not result in an excessive verdict. The amount eventually awarded after *remittitur* was within the range of evidence presented by plaintiff. Because defendant presented no realistic evidence on the issue of damages, the trial judge was limited to considering those approaches advanced by plaintiff. Since he adopted an approach which did not result in excessive damages, we find no abuse of discretion.

Affirmed.

R. M. MAHER, J. *(dissenting)*. I respectfully dissent. I continue to adhere to the result and reasoning expressed in this Court's original opinion in this case, *Davidson v General Motors Corp,* 119 Mich App 730; 326 NW2d 625 (1982).