658 N.W.2d 153 (2003)
Frederick GIORDANO, Plaintiff-Appellant,
v.
Alan MARKOVITZ and Almark of Michigan, Inc., f/k/a Almark, Inc., Defendants-Appellees.
Docket No. 120943, COA No. 223420.
Supreme Court of Michigan.
March 26, 2003.
On order of the Court, the application for leave to appeal from the January 15, 2002 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
MARKMAN, J., dissents and states as follows:
I would reverse the judgment of the Court of Appeals on the benefit of the bargain damages issue and remand for further proceedings.
The first Court of Appeals panel denied plaintiff's request for specific performance and, instead, remanded for calculation of benefit of the bargain damages pursuant to Davidson v. Gen. Motors Corp., 119 Mich.App. 730, 733, 326 N.W.2d 625 (1982), mod. on reh. 136 Mich.App. 203, 357 *154 N.W.2d 59 (1984). Davidson provides that benefit of the bargain damages amount to "the pecuniary value of the benefits the aggrieved party would have received if the contract had not been breached." 119 Mich.App at 733, 326 N.W.2d 625.
On remand, the arbitration panel, in a divided decision, determined that plaintiff's damages should be valued as of April 4, 1995, the date of the first Court of Appeals decision, because that would be the economic equivalent of specific performance. The circuit court, however, reversed the arbitrators' decision on the date of valuation, instead finding that plaintiff's damages should be valued at the time of the breach on November 30, 1990. In reaching this conclusion, the court relied on Butterfield v. Metal Flow Corp., 185 Mich. App. 630, 640, 462 N.W.2d 815 (1990), which set out an exception to the general measure of damages for cases involving stock conversion. Under this exception, damages are measured as "the highest market value the stock attains between the date the owner receives notice of the conversion and the expiration of a reasonable period in which to repurchase the stock himself." Stoddard v. Manufacturers Nat'l Bank, 234 Mich.App. 140, 146, 593 N.W.2d 630 (1999).
Subsequently, the arbitration panel calculated plaintiff's damages based on the November 1990 date of the breach, noting that the stock would have been worth twice as much in April 1995.
Both the circuit court and the second Court of Appeals panel affirmed the measure of damages. The second Court of Appeals panel specifically rejected plaintiff's argument that the law of the case doctrine required the damages to be calculated by the method of Davidson. However, under the law of the case doctrine, "as a general rule, an appellate court's determination of an issue in a case binds lower tribunals on remand and the appellate court in subsequent appeals." Grievance Admin. v. Lopatin, 462 Mich. 235, 260, 612 N.W.2d 120 (2000).
The first Court of Appeals panel, citing Davidson, remanded for calculation of plaintiff's benefit of the bargain damages. Pursuant to the law of the case doctrine, the trial court and the second Court of Appeals panel were bound by this determination. The second Court of Appeals panel erred in concluding otherwise. On remand, plaintiff's benefit of the bargain damages should be recalculated pursuant to the rule of Davidson.
MARILYN J. KELLY and TAYLOR, JJ., concur with Justice Markman's statement.