FERGUSON v PIONEER STATE MUTUAL INSURANCE COMPANY
FERREE v PIONEER STATE MUTUAL INSURANCE COMPANY

Docket Nos. 260876, 261397. Submitted November 9, 2006, at Detroit. Decided November 21, 2006, at 9:00 a.m. Leave to appeal sought.

James P. Ferguson and Sandra K. Ferguson brought an action in the Genesee Circuit Court against Pioneer State Mutual Insurance Company to recover underinsured motorist and first-party personal protection insurance benefits pursuant to their no-fault insurance policy after James Ferguson was injured in a car accident in Elkhart County, Indiana. Similarly, Darrell and Julia Ferree brought an action against Pioneer State in the Ingham Circuit Court to recover underinsured motorist insurance benefits pursuant to their no-fault insurance policy after Darrell Ferree was injured in a car accident in Eaton County. In both cases, the defendant moved for a change of venue pursuant to MCL 600.1629, which governs venue in cases seeking damages for personal injury. In the Fergusons' action, the trial court, Judith A. Fullerton, J., denied the defendant's motion, ruling that venue was governed not by MCL 600.1629 but by the general rule set forth in MCL 600.1621. In the Ferrees' case, the trial court, James R. Giddings, J., denied the defendant's motion for the same reason. The defendant filed for leave to appeal both decisions, and the Court of Appeals granted leave and consolidated the cases.

The Court of Appeals *held*:

In actions for breach of contract arising from an insurer's denial of benefits pursuant to underinsured motorist policies, venue is controlled by MCL 600.1621, which governs venue generally, and not by MCL 600.1629, which governs venue in cases seeking damages for personal injury.

Affirmed.

VENUE — INSURANCE — AUTOMOBILES — UNDERINSURED MOTORISTS.

In actions for breach of contract arising from an insurer's denial of benefits pursuant to underinsured motorist policies, venue is controlled by the statutory provision that governs venue generally, not the statutory provision that governs venue in cases seeking damages for personal injury (MCL 600.1621, MCL 600.1629).

*Liss & Shapero* (by *Anthony D. Shapero*) for James and Sandra Ferguson.

*Sinas, Dramis, Brake, Boughton & McIntyre, P.C.* (by *Michael E. Larkin* and *Steven A. Hicks*), for Darrell and Julia Ferree.

*Jonathan Shove Damon* for Pioneer State Mutual Insurance Company.

Before: SERVITTO, P.J., and FITZGERALD and TALBOT, JJ.

PER CURIAM. In these consolidated appeals, defendant appeals, by leave granted, the trial courts' denials of its motions for change of venue. Because MCL 600.1621 governs venue in actions for breach of contract arising from an insurer's denial of benefits pursuant to underinsured motorist policies, we affirm.

In Docket No. 260876, plaintiffs filed suit against defendant in the Genesee Circuit Court to recover underinsured motorist and first-party personal protection insurance (PIP) benefits pursuant to a no-fault insurance policy that defendant issued to them. Plaintiffs alleged that James Ferguson was involved in a motor vehicle accident on January 3, 2003, in Elkhart County, Indiana, and that, as a result, he sustained "serious bodily injuries" within the meaning of the insurance policy.[1] Plaintiffs further alleged that they notified defendant of their claims for underinsured motorist and PIP benefits, and defendant wrongfully denied the claims in breach of the insurance contract. Defendant responded to the complaint and thereafter moved for a change of venue to Kent County, asserting that MCL 600.1629 applied to plaintiff's action and that, under this statute, venue was proper only in Kent

---

[1] Sandra Ferguson alleged a claim for loss of consortium.

County. The trial court denied defendant's motion, ruling that because the actions sounded in contract, MCL 600.1621 was applicable and that, as a result, venue was appropriate in Genesee County. This Court granted defendant's application for leave to appeal. *Ferguson v Pioneer State Mut Ins Co,* unpublished order of the Court of Appeals, entered March 22, 2005 (Docket No. 260876).

In Docket No. 261397, plaintiffs similarly filed suit against defendant in the Ingham Circuit Court to recover underinsured motorist benefits pursuant to a no-fault insurance policy that defendant issued to them. Plaintiffs alleged that Darrell Ferree was involved in a motor vehicle accident on October 20, 2002, in Eaton County, Michigan, and that, as a result, he sustained "severe bodily injuries."[2] Plaintiffs alleged that they notified defendant of their claim for underinsured motorist benefits, which claim defendant wrongfully denied in breach of the insurance contract. Defendant moved for a change of venue to Eaton County, asserting that under MCL 600.1629, venue was proper only in Eaton County. The trial court denied defendant's motion, ruling that MCL 600.1621 governed plaintiff's action and that venue was therefore appropriate in Ingham County.[3] This Court granted defendant's application for leave to appeal. *Ferree v Pioneer State Mut Ins Co,* unpublished order of the Court of Appeals, entered April 22, 2005 (Docket No. 261397). Thereafter, this Court granted defendant's motion to consolidate the two appeals.

We review a trial court's ruling on a motion to change venue for clear error. *Massey v Mandell,* 462 Mich 375,

---

[2] Julia Ferree alleged a claim for loss of consortium as well.

[3] During its ruling from the bench, the trial court mistakenly referred to MCL 600.1627 instead of MCL 600.1621. The parties agree that the trial court's reference to MCL 600.1627 was inadvertent, and that its ruling was founded on a determination that MCL 600.1621 applied to the case.

379; 614 NW2d 70 (2000). A decision is clearly erroneous if the reviewing court is left with the definite and firm conviction that a mistake has been made. *Id.* This Court reviews de novo the trial court's interpretation of statutes governing venue. *Colucci v McMillin,* 256 Mich App 88, 93-94; 662 NW2d 87 (2003).

The sole issue presented by the instant appeals is whether venue is properly determined pursuant to MCL 600.1621 or MCL 600.1629. Those provisions provide in relevant part:

Sec. 1621. Except for actions provided for in sections 1605 [real property], 1611 [probate bond], 1615 [governmental units], and 1629 [set forth below], venue is determined as follows:

(a) The county in which a defendant resides, has a place of business, or conducts business, or in which the registered office of a defendant corporation is located, is a proper county in which to commence and try an action. [MCL 600.1621.]

Sec. 1629. (1) Subject to subsection (2),[4] in an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, all of the following apply:

(a) The county in which the original injury occurred and in which either of the following applies is a county in which to file and try the action:

(*i*) The defendant resides, has a place of business, or conducts business in that county.

(*ii*) The corporate registered office of a defendant is located in that county.

(b) If a county does not satisfy the criteria under subdivision (a), the county in which the original injury occurred and in which either of the following applies is a county in which to file and try the action:

---

[4] Subsection 2 provides that "[a]ny party may file a motion to change venue based on hardship or inconvenience." MCL 600.1629(2).

(*i*) The plaintiff resides, has a place of business, or conducts business in that county.

(*ii*) The corporate registered office of a plaintiff is located in that county.

(c) If a county does not satisfy the criteria under subdivision (a) or (b), a county in which both of the following apply is a county in which to file and try the action:

(*i*) The plaintiff resides, has a place of business, or conducts business in that county, or has its corporate registered office located in that county.

(*ii*) The defendant resides, has a place of business, or conducts business in that county, or has its corporate registered office located in that county.

(d) If a county does not satisfy the criteria under subdivision (a), (b), or (c), a county that satisfies the criteria under section 1621 or 1627 is a county in which to file and try an action. [MCL 600.1629(1).]

Defendant argues that MCL 600.1629(1) governs the determination of venue in each of these cases, because both the Fergusons and the Ferrees are actually seeking to recover damages for personal injury, albeit by means of an action for breach of contract. There are no Michigan cases that discuss whether an action against an insurer for underinsured motorist benefits constitutes an "action based on . . . another legal theory seeking damages for personal injury, property damage, or wrongful death" within the meaning of MCL 600.1629. Therefore, whether MCL 600.1621 or MCL 600.1629 governs venue in these actions is a question of first impression.

The primary goal of statutory interpretation is to ascertain and give effect to the Legislature's intent as expressed by the language of the statute. *Neal v Wilkes,* 470 Mich 661, 665; 685 NW2d 648 (2004). When determining intent, a court must look first at the language of

the statute. *People v Borchard-Ruhland,* 460 Mich 278, 284; 597 NW2d 1 (1999). Unless defined in the statute, every word or phrase should be given its plain and ordinary meaning, considering the context in which the words are used. *Robertson v DaimlerChrysler Corp,* 465 Mich 732, 748; 641 NW2d 567 (2002). Effect is to be given to every provision, and the whole statute is to be considered in order to achieve a harmonious and consistent result. *Macomb Co Prosecutor v Murphy,* 464 Mich 149, 159; 627 NW2d 247 (2001). "When the language of a statute is unambiguous, the Legislature's intent is clear and judicial construction is neither necessary nor permitted." *Griffith v State Farm Mut Auto Ins Co,* 472 Mich 521, 526; 697 NW2d 895 (2005). If reasonable minds could differ regarding the meaning of the language used, however, judicial construction is appropriate. *Adrian School Dist v Michigan Pub School Employees' Retirement Sys,* 458 Mich 326, 332; 582 NW2d 767 (1998).

There is no dispute that plaintiffs' complaints are not based on traditional tort theories. The issue confronting this Court is whether plaintiffs' respective complaints are "based on . . . *another legal theory seeking damages for personal injury*" within the meaning of MCL 600.1629(1). "Damages" are defined as a " 'pecuniary compensation or indemnity, which may be recovered in the courts by any person who has suffered a loss, detriment, or injury, whether to his person, property, or rights . . . .' " *Universal Underwriters Ins Co v Kneeland,* 464 Mich 491, 497; 628 NW2d 491 (2001), quoting Black's Law Dictionary (6th ed) (emphasis omitted). Moreover, a defendant is only liable for personal injury damages in an amount based on a proportional determination of its fault causing plaintiff's injury according to MCL 600.6304, which provides in relevant part:

(1) In an action based on tort or another legal theory seeking damages for personal injury . . . the court . . . shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings indicating. . . .

\* \* \*

(b) The percentage of the total fault of all persons that contributed to the death or injury . . . .

\* \* \*

(4) Liability in an action to which this section applies is several only and not joint. Except as otherwise provided . . . , a person shall not be required to pay damages in an amount greater than his or her percentage of fault . . . .

Plaintiffs' damages in these breach of contract actions, by definition, are not damages for "personal injury." Plaintiffs seek to recover the benefit of their bargain with defendant, less amounts received from the underinsured motorists' own insurance coverage. Defendant agreed, in the respective insurance contracts at issue, to indemnify plaintiffs for losses sustained in excess of insurance limits maintained by another owner or operator of an underinsured motor vehicle that was involved in a motor vehicle accident with plaintiffs. Defendant's obligation to plaintiffs thus arises not from the fact that James Ferguson and Darrell Ferree suffered injuries in motor vehicle accidents, but rather from the fact that the other vehicles involved in the accident causing those injuries were underinsured. Moreover, plaintiffs are not alleging that defendant's actions led to, contributed to, or are responsible for the injuries incurred. Rather, the actions are premised on contractual agreements between plaintiffs and defendant. Under the facts of these cases, absent a contract, plaintiffs would have no viable cause of action against defendant, regardless of what the significance of plaintiffs' injuries may be.

In an action based on contract, the parties are entitled to the benefit of the bargain as set forth in the agreement. *Davidson v Gen Motors Corp,* 119 Mich App 730, 733; 326 NW2d 625 (1982), mod on other grounds on reh 136 Mich App 203 (1984). The proper measure of damages for a breach of contract is "the pecuniary value of the benefits the aggrieved party would have received if the contract had not been breached." *Id.* These are precisely the damages sought by plaintiffs in the instant matters. Again, neither the Fergusons nor the Ferrees are seeking to hold defendant liable for negligence. In other words, they are not seeking to hold defendant responsible for their injuries on the basis of defendant's fault in causing those injuries, and their complaints are thus not based on "another legal theory seeking damages for personal injury." As a result, MCL 600.1621 applies to these actions. Because defendant undisputedly conducts business in both Genesee and Ingham counties, the trial courts did not err in denying defendant's motions for change of venue.

Defendant relies heavily on *Holton v A+ Ins Assoc, Inc,* 255 Mich App 318; 661 NW2d 248 (2003), to support its position. In that case, homeowners whose home was damaged by fire alleged that their insurer negligently failed to procure adequate homeowner's insurance to cover their residence after remodeling. This Court noted that the plaintiffs' action sounded in tort, then determined that the trier of fact must apportion liability among those at fault in *all* tort-based actions, not merely those tort actions seeking damages for personal injury, property damage, or wrongful death. *Id.* at 323-324. In *Holton,* this Court did construe the phrase "an action based on tort or another legal theory seeking damages for personal injury, property damage or wrongful death" in the context of statutory provisions governing comparative negligence. However,

the present matters address the application of the language and venue provisions where a contract theory has been pleaded. The context of these cases is sufficiently dissimilar that *Holton* has no bearing on them.

Affirmed.