KRAWCZYK v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

FARQUHARSON v TRAVELERS INSURANCE COMPANY

Docket Nos. 69716, 70824. Decided December 20, 1983. On application
by the plaintiff in *Krawczyk* and the defendant in *Farquharson*
for leave to appeal from the Court of Appeals, the Supreme
Court, in lieu of granting leave to appeal, affirmed in part and
reversed in part in *Krawczyk,* and reversed in *Farquharson.*

Mary Ann Krawczyk brought an action in the 71-A District Court
against the Detroit Automobile Inter-Insurance Exchange seek-
ing no-fault insurance benefits for work loss resulting from
injuries sustained in an automobile accident. The district court,
John P. Spires, J., awarded benefits for regular wages lost, the
loss of profit-sharing payments, employer contributions to a
pension plan, and a pro-rata portion of health insurance premi-
ums. The Lapeer Circuit Court, Martin E. Clements, J., af-
firmed. The Court of Appeals, D. C. Riley, P.J., and R. B. Burns,
J. (Everett, J., concurring in part and dissenting in part),
reversed except as to the lost wages in an opinion per curiam
(Docket No. 54477). The plaintiff applies for leave to appeal.

Robert S. Farquharson brought an action in the Washtenaw
Circuit Court against Travelers Insurance Company, seeking
no-fault insurance benefits for work loss resulting from injuries
sustained in an automobile accident, including benefits for the
discontinuance of employer contributions to a pension fund and
payment of social security taxes and medical insurance premi-
ums. The court, Edward D. Deake, J., granted the defendant's
motion for summary judgment with respect to the claim for
pension contributions, social security taxes, and health insur-
ance premiums. The Court of Appeals, R. M. Maher, P.J.; and
Bronson and Snow, JJ., reversed in part, holding that pension
contributions were recoverable and that health insurance pre-
miums were potentially recoverable, and remanded for calcula-
tion of benefits payable (Docket No. 58988). The defendant
applies for leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held:*

Work-loss benefits are limited to the loss of wage or salary
income; they do not include fringe benefits such as the loss of

profit-sharing payments generally or employer contributions to pension plans, social security taxes, or health insurance premiums. On the facts of *Krawczyk* the profit sharing plan was part of the plaintiff's regular wages and thus recoverable as a work loss.

117 Mich App 155; 323 NW2d 633 (1982) reversed in part.

121 Mich App 766; 329 NW2d 484 (1982) reversed.

*Morrice, Lengemann & Rickard, P.C.* (by *John L. Lengemann*), for plaintiff Krawczyk.

*Bahls & Shamblin* (by *Richard J. Bahls*) and *Gromek, Bendure & Thomas* (by *Nancy L. Bosh* and *Judith A. Curtis*), of counsel, for defendant Detroit Automobile Inter-Insurance Exchange.

*Calder, Kirkendall & Logeman, P.C.* (by *Robert E. Logeman*), for plaintiff Farquharson.

*Aymond, Sullivan, Whedon & Thompson* (by *William A. Thompson*) for defendant Travelers Insurance Company.

PER CURIAM. In each of these cases, the plaintiff was injured in an automobile accident and was unable to work for a period of time. Each sought first-party no-fault benefits from the insurance carrier. Each plaintiff claimed that certain fringe benefits were recoverable as work loss under § 3107 of the no-fault insurance act.[1] The Court of Appeals panels reached conflicting results. *Krawczyk v DAIIE,* 117 Mich App 155; 323 NW2d 633 (1982); *Farquharson v Travelers Ins Co,* 121 Mich App 766; 329 NW2d 484 (1982).

We conclude that the fringe benefits are not recoverable work loss.

[1] 1972 PA 294, MCL 500.3107; MSA 24.13107.

I

Mary Ann Krawczyk was injured in an automobile accident on February 17, 1978. She sought first-party no-fault benefits from her insurer, Detroit Automobile Inter-Insurance Exchange. When the insurer would not pay all of the amounts she thought were owing, she brought the action in the district court. There was a non-jury trial, following which the district judge awarded more than $17,-000. The award included, in addition to her loss of regular wages to the date she could have returned to work (September 30, 1979), items for the loss of profit-sharing payments, employer contributions to a pension plan, and a pro-rata portion of health insurance premiums. The circuit court affirmed.

The Court of Appeals reversed, finding none of these items recoverable, relying in large part on language in this Court's decision in *Miller v State Farm Mutual Automobile Ins Co,* 410 Mich 538; 302 NW2d 537 (1981).

Krawczyk has filed an application for leave to appeal to this Court.

II

Robert Farquharson was injured in an automobile accident on October 5, 1978, as a result of which he was unable to continue working. As in *Krawczyk,* he sought first-party no-fault benefits from his insurer, Travelers Insurance Company. This action was commenced in the circuit court after the defendant would not pay all the benefits which the plaintiff thought were owing.

The parties stipulated to the facts, and each moved for summary judgment. Mr. Farquharson's employer paid contributions into a pension fund, paid the employer's portion of social security

taxes, and paid medical insurance premiums. These were discontinued while the plaintiff was not working. In addition to other items, the plaintiff sought to recover the pension, social security, and health insurance benefits.

The circuit judge concluded that these three items were not recoverable as work loss.

The Court of Appeals reversed in part. It held that the pension benefits were recoverable and that the lost health insurance benefits were potentially recoverable, but that the record did not establish the appropriate amount. It agreed with the circuit court that benefits for lost social security contributions were not available. The case was remanded for further proceedings to calculate the amount of benefits payable because of the recoverable fringe benefits.

The defendant has applied for leave to appeal to this Court.

### III

The controlling statute is § 3107, which identifies the personal protection insurance benefits that are payable under the no-fault statute:

"Personal protection insurance benefits are payable for the following:

\* \* \*

"(b) Work loss consisting of loss of income from work an injured person would have performed during the first 3 years after the date of the accident if he had not been injured". MCL 500.3107; MSA 24.13107.

The critical question in these cases is whether the fringe benefits are "loss of income from work" the plaintiffs would have performed but for their injuries.

We have never directly addressed the meaning of this language in § 3107(b). However, we did consider the language in connection with *Miller v State Farm Mutual Ins Co, supra,* a case dealing with the survivors' loss benefits provided by § 3108. That case required interpretation of the language of § 3108(1), which provides that personal protection insurance benefits are payable for a survivors' loss which consists of the loss of "contributions of *tangible things of economic value*" that the dependents of the deceased would have received but for the death. We said the following about the meaning of § 3107(b):

"Section 3107(b) provides for the payment of 'work loss' benefits to an insured who suffers non-fatal injury. The section defines 'work loss' as 'consisting of loss of income from work an injured person would have performed * * *'.

"Thus, work loss benefits are limited, by definition, to the loss of wage or salary income." 410 Mich 563.

Further, we contrasted § 3108's "tangible things of economic value" with the narrower concept of wages and salaries:

"Nothing in the language of § 3108 suggests that the fund of 'tangible things of economic value' is limited to wages. In today's complex economic system, the 'tangible things of economic value' which many persons contribute to the support of their dependents include hospital and medical insurance benefits, disability coverage, pensions, investment income, annuity income and other benefits. Had it been the intent of the Legislature to limit survivors' benefits to a sum equal to what eligible dependents would have received from wages and salary alone, it could be expected to have said so. It chose instead the far broader category of 'contributions of tangible things of economic value' which, on its face, suggests the inclusion of benefits

derived for family support from other and different sources." 410 Mich 556-557.

We adhere to the analysis of *Miller v State Farm Mutual Automobile Ins Co* and conclude that the fringe benefits of the kind claimed here are not recoverable as "loss of income from work".

While fringe benefits are not recoverable, we conclude that on the facts of *Krawczyk v DAIIE* the profit-sharing plan was part of the employees' regular wages and thus is recoverable as a work loss.[2]

Accordingly, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, the judgment of the Court of Appeals in *Krawczyk* is reversed as to the profit-sharing benefits and in all other respects is affirmed. In *Farquharson,* the judgment of the Court of Appeals is reversed insofar as it would permit recovery of pension contributions and health insurance benefits. In all other respects leave to appeal is denied.

The cases are remanded to the respective trial courts for further proceedings consistent with this opinion.

WILLIAMS, C.J., and KAVANAGH, LEVIN, RYAN, BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred.

[2] The plant manager for Ms. Krawczyk's employer testified that these payments were made quarterly, and that if she had continued to work during the relevant period, she would have received $4,784. On cross-examination, the plant manager was asked whether this was considered a fringe benefit, and he testified that, "Profit sharing is part of their normal wage".