FREEMAN v COLONIAL PENN INSURANCE COMPANY

Docket No. 75059. Submitted July 31, 1984, at Detroit.—Decided October 16, 1984. Leave to appeal applied for.

Plaintiff, Donald Freeman, is the personal representative of the estate of Harold Freeman, deceased. In 1979 Harold Freeman was injured in an automobile accident. He died in 1982. After his injury Harold Freeman was adjudged incompetent and Donald Freeman was appointed conservator of the incompetent's estate, which consisted largely of corporate stocks and broker trust fund accounts. Prior to the accident Harold Freeman had been retired and had managed his own asset portfolio. Defendant, Colonial Penn Insurance Company, was plaintiff's decedent's no-fault insurer. Plaintiff brought an action against defendant to recover as work loss benefits expenses incurred in managing Harold Freeman's assets after his injury and prior to his death. The Wayne Circuit Court, Sharon Tevis Finch, J., granted summary judgment for defendant. Plaintiff appealed. *Held:*

1. Summary judgment was purportedly granted for failure to state a claim. However, in deciding the issue, the court relied on facts in the record but not contained in the pleadings. Since there was no evidence that either party was misled, the Court of Appeals treated the summary judgment as having been granted for lack of a genuine issue of material fact.

2. Work loss benefits are limited, by definition, to the loss of wage of salary income. They do not extend to the procurement of investment management services previously performed by the injured party for his own benefit.

Affirmed.

INSURANCE — NO-FAULT INSURANCE — WORK LOSS BENEFITS.

Work loss benefits are limited, by definition, to the loss of wage or salary income; they do not extend to the procurement of investment management services previously performed by the injured party for his own benefit.

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobile Insurance §§ 361, 362.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

*Peter B. Bundarin,* for plaintiff.

*Cooper & Fink* (by *Mark J. Zausmer),* for defendant.

Before: HOOD, P.J., and R. B. BURNS and S. EVERETT,* JJ.

PER CURIAM. Plaintiff appeals as of right from a Wayne County Circuit Court order granting defendant's motion for summary judgment. We affirm.

Plaintiff filed his complaint on January 21, 1983, as personal representative of the estate of his father, Harold Freeman. In that complaint, plaintiff alleged that Harold Freeman was injured August 24, 1979, in an automobile accident. Defendant insurance company was Harold Freeman's no-fault insurance provider. On November 30, 1979, the Wayne County Probate Court found Harold Freeman mentally incompetent and appointed Donald Freeman conservator of his father's estate. Donald Freeman served as conservator until March 19, 1982, the date of his father's death.

Harold Freeman had an estate valued at $245,561.67 at the time the probate court found him incompetent. Much of this estate was held in corporate stocks and in broker trust fund accounts. The estate generated income of $26,697 in 1979, $43,088 in 1980, and $14,119 in 1981.

Plaintiff alleged in his complaint that the defendant automobile insurer owed his father's estate $33,664.45 for his services as conservator and for travel, legal, bond, and accountant expenses pursuant to the applicable provisions of the no-fault act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.*

In its motion for summary judgment, defendant

* Circuit judge, sitting on the Court of Appeals by assignment.

stated that the sole no-fault benefits claimed by plaintiff were for "work loss" under § 3107(b) of the no-fault act, MCL 500.3107(b); MSA 24.13107(b). Defendant asserted that those expenses for which plaintiff sought reimbursement were not compensable as "work loss". In the alternative, defendant asserted that, even if plaintiff's services could be reimbursed as "work loss", plaintiff was not entitled to benefits because Harold Freeman's estate earned income exceeding the statutory maximum per 30-day period. Finally, defendant claimed its motion was brought pursuant to GCR 1963, 117.2(1), plaintiff's failure to state a claim.

At the hearing on the motion for summary judgment, defendant's counsel stated that the motion was brought pursuant to GCR 1963, 117.2(3), no genuine issue of material fact remaining to be tried. Defendant argued that the record showed that Harold Freeman's income was not "work loss" under § 3107(b). Plaintiff argued that Harold Freeman was self-employed as an investor of his own funds, and, therefore, was entitled to "work loss" benefits for substituted services which plaintiff and others provided to maintain that investment income.

At the hearing, plaintiff admitted that Harold Freeman never reported his investment income as business income for income tax purposes. Rather, Harold Freeman reported his investment income under interest and dividend income.

The trial court found that the reimbursement for services plaintiff sought could not be included as "work loss" within the meaning of § 3107(b) because Harold Freeman was voluntarily managing personal investments and was not paid for his investment management services. Harold Freeman did not have an investment business or draw a

salary or income from such an investment business.

Plaintiff argues on appeal that the trial court erred by finding that Harold Freeman was not self-employed and, thus, ineligible for "work loss" benefits for the replacement services of plaintiff and others retained by plaintiff to manage his father's investments.

We review this motion for summary judgment as one brought pursuant to GCR 1963, 117.2(3) because the trial court relied on facts in the record but not contained in plaintiff's complaint, *i.e.,* that Harold Freeman's work loss was his inability to manage his personal investments and need for substitute services for that management, to decide the motion. Thus, we review this motion as one brought instead under GCR 1963, 117.2(3), as we find no evidence that either party was misled. *Merit Electric Co, Inc v J Boyle, Inc,* 77 Mich App 503, 510; 258 NW2d 539 (1977). Before granting a GCR 1963, 117.2(3) motion, a trial court must review the record and, giving every benefit of any reasonable doubt to the opposing party, be satisfied that it is impossible for the claim asserted to be supported by evidence at trial. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973); *Partrich v Muscat,* 84 Mich App 724; 270 NW2d 506 (1978).

The question presented in this appeal is whether replacement services for the management of Harold Freeman's personal investments come within the meaning of the no-fault act's "work loss" provision.

Section 3107(b) of the no-fault act provides in part:

"Work loss consisting of loss of income from work an injured person would have performed during the first 3

years after the date of the accident if he had not been injured and expenses not exceeding $20.00 per day, reasonably incurred in obtaining ordinary and necessary services in lieu of those that, if he had not been injured, an injured person would have performed during the first 3 years after the date of the accident, not for income but for the benefit of himself or of his dependent. Work loss does not include any loss after the date on which the injured person dies."

The term "work loss" is not separately defined in the no-fault act.

Plaintiff relies on language in *Lewis v DAIIE,* 90 Mich App 251, 255-256; 282 NW2d 794 (1979), which states that § 3107(b) allows recovery of work loss based upon what the injured person would have actually earned. Plaintiff argues that Harold Freeman's investment management efforts caused him to "earn" significant income and the replacement services allowed his estate to continue "earning" this income.

Regardless of how we might interpret the statement in *Lewis, supra,* we are bound by *Krawczyk v DAIIE,* 418 Mich 231, 235; 341 NW2d 110 (1983), in which the Court adhered to its language in *Miller v State Farm Mutual Ins Co,* 410 Mich 538, 563; 302 NW2d 537 (1981): "[W]ork loss benefits are limited, by definition, to the loss of *wage* or *salary* income." Thus investment income, as in this case, is not included as "work loss".

Moreover, other authority supports this limited definition of "work loss". Section 3107(b) of the no-fault act was patterned after § 1(a)(5)(ii) of the Uniform Motor Vehicle Accident Reparations Act (UMVARA), 14 ULA (Master ed), p 341 *et seq.* See *Krawczyk v DAIIE,* 117 Mich App 155, 160; 323 NW2d 633 (1982), *rev'd in part* 418 Mich 231; 341 NW2d 110 (1983), and *Pries v Travelers Inc Co,* 86 Mich App 221, 223-224; 272 NW2d 247 (1978), *aff'd*

408 Mich 870; 289 NW2d 717 (1980). One of the commissioners' comments regarding UMVARA § 1(a)(5)(ii) states:

"Work loss includes not only lost wages, but lost profit which is attributable to personal effort in self-employment *(as distinguished from profit attributable to investment)* or the cost of hiring a substitute to perform self-employment services." 14 ULA (Master ed), 54. (Emphasis added.)

Self-employment is defined above to exclude investment profit. Thus, pursuant to the UMVARA commissioners, Harold Freeman would not be considered self-employed and, thus, the replacement services at issue would not be considered "work loss" under the statute. Because we conclude that plaintiff's replacement services are not "work loss" within the meaning of § 3107(b) of the no-fault act, summary judgment was proper. Plaintiff could not have supported his claim with any other evidence at trial. Because we agree with the trial court's findings, we need not address defendant's alternative argument.

Affirmed.