SWIGART v GALLAGHER

Docket No. 94832. Submitted April 12, 1988, at Grand Rapids. Decided September 8, 1988.

Leslie M. Swigart and Terrance J. Gallagher were divorced pursuant to a judgment whose provisions awarded the marital dwelling to Gallagher, ordered Gallagher to pay Swigart $12,000 in full settlement of her interest in the marital dwelling, awarded Swigart a $12,000 lien on the marital dwelling to secure the payment of her interest, and extinguished Swigart's dower rights in exchange for the payment of one dollar by Gallagher to Swigart. Not disclosed to Swigart and the court which presided over the divorce were the facts that, during the parties' marriage, Gallagher had mortgaged the dwelling and eventually sold it to Peter Kaiser, who also encumbered the property with a mortgage. When Gallagher failed to pay $12,000 to Swigart within the period provided by the judgment of divorce, Swigart brought an action in the Monroe Circuit Court to foreclose on the lien. Named as defendants in addition to Gallagher were Monroe Bank & Trust and Michigan National Bank—West Metro, who were mortgagees on the property holding liens recorded prior to Swigart's lien. The trial court, James J. Kelley, J., granted summary disposition in favor of plaintiff, ruling that defendants had failed to state a valid defense. Defendant banks appealed.

The Court of Appeals *held:*

1. Although plaintiff's motion for summary disposition was brought on the basis of a claimed failure to state a valid defense, a review of the trial court's decision and the arguments of the parties indicates that summary disposition was actually granted on the basis that there was no genuine issue of material fact and plaintiff was entitled to judgment as a matter of law. Under the latter basis, summary disposition in favor of plaintiff would be proper only if, upon review of the

REFERENCES

Am Jur 2d, Divorce and Separation §§ 950 *et seq.*

Am Jur 2d, Liens §§ 51 *et seq.*

Propriety of consideration of, and disposition as to, third persons' property claims in divorce litigation. 63 ALR3d 373.

record with the benefit of any reasonable doubt given to defendants, it is impossible for the defense asserted to be supported by evidence at trial.

2. The express language of the judgment of divorce does not support the trial court's conclusion that the lien was granted to secure the payment of a sum awarded in exchange for plaintiff's dower rights. Rather, the lien was in support of a property settlement separate from the provision which extinguished plaintiff's dower rights upon the payment of one dollar. Thus, defendant banks' liens take priority over plaintiff's lien since those liens were perfected before plaintiff's lien.

Reversed and remanded for further proceedings.

LIENS — DIVORCE — PROPERTY SETTLEMENT — DOWER.

A lien on the marital dwelling granted to the wife under a judgment of divorce is subordinate to an earlier recorded lien securing a mortgage on the property where the wife's lien was not granted to secure the payment of a sum awarded in exchange for her dower rights but to secure the payment by the husband of a sum awarded as part of the property settlement.

*Krawertz & Spiros* (by *Michael J. Spiros*), for plaintiff.

*James E. Morr,* for Monroe Bank & Trust and Michigan National Bank—West Metro.

Before: SHEPHERD, P.J., and SAWYER and K. I. MACDONALD,* JJ.

PER CURIAM. Defendants Monroe Bank & Trust and Michigan National Bank—West Metro appeal from the trial court's order of summary disposition in favor of plaintiff for failure to state a valid defense, MCR 2.116(C)(9), to her complaint for foreclosure of a lien on property granted under a judgment of divorce. We reverse.

Plaintiff and defendant Gallagher were married in 1982, with defendant Gallagher bringing with him into the marriage a certain parcel of real

* Circuit judge, sitting on the Court of Appeals by assignment.

property. During the course of the marriage, defendant Gallagher mortgaged the property and eventually sold the property to Peter Kaiser, delivering a warranty deed. Apparently plaintiff was not aware of any of these transactions and the various documents involved in the mortgage and sale of the property were signed only by defendant Gallagher and listed him as being unmarried or "a single man." Subsequent to the sale to Kaiser, Kaiser also encumbered the property with a mortgage.

Thereafter, in 1985, a judgment of divorce was granted between plaintiff and defendant Gallagher. Apparently defendant Gallagher's prior sale of the property to Kaiser was not revealed to the trial court as the judgment of divorce, inter alia, granted defendant Gallagher sole interest in the property, subject to a lien against the property in plaintiff's favor, for the sum of $12,000. Defendant Gallagher had 126 days after the judgment of divorce to pay plaintiff the sum of $12,000, after which plaintiff could foreclose upon the lien if the judgment had not been satisfied. Defendant Gallagher failed to satisfy the judgment and, accordingly, plaintiff commenced to foreclose upon her lien. Defendant banks claim an interest in the property, specifically liens granted pursuant to mortgages which were recorded prior to the judgment of divorce and, therefore, take priority over plaintiff's lien.

In granting plaintiff's motion for summary disposition, the trial court concluded that her lien, granted pursuant to the judgment of divorce, took priority over defendant banks' liens since, according to the trial court, plaintiff's lien was in payment of her right of dower and, since her dower rights would take precedence over the liens, so

would the lien granted in plaintiff's favor in lieu of dower. For the reasons discussed below, we disagree with the trial court's conclusion.

Although plaintiff's motion was brought under MCR 2.116(C)(9), failure to state a valid defense, a review of the trial court's decision and the arguments of the parties indicate to us that summary disposition was actually granted pursuant to MCR 2.116(C)(10), no genuine issue of material fact. Since it does not appear that either party was misled by the mislabelling of the motion for summary disposition, we will review this case as a motion for summary disposition for no genuine issue of material fact. See *Freeman v Colonial Penn Ins Co,* 138 Mich App 444, 447; 361 NW2d 356 (1984). Before granting summary disposition under that rule, a trial court must review the record and, giving the benefit of any reasonable doubt to the opposing party, be satisfied that it is impossible for the claim or defense asserted to be supported by evidence at trial. *Id.* In the case at bar, it appears that the parties are in basic agreement as to the facts of the case, with the only dispute being over the proper interpretation of the judgment of divorce, the contents of which are not in dispute.

The dispositive question in this case is whether plaintiff's lien was granted to secure the payment of a sum of money awarded in exchange for her dower rights or whether the lien was to support a property settlement separate from the provision in lieu of dower. If the former position is correct, which is the position taken by the trial court, then it would follow that the lien, like the dower rights it represents, would take priority over any liens granted during the course of the marriage without

plaintiff's approval.[1] However, if the latter position is correct, then defendant banks' liens would take priority over plaintiff's lien since they were recorded prior to plaintiff perfecting her lien.

In concluding that plaintiff's lien substituted for dower, the trial court opined as follows:

> Terrence Gallagher's conveyance and other documents, in which he described himself as unmarried, did not affect plaintiff's dower interest in their marital property.
>
> Examination of the divorce file entitled Leslie M. Gallagher, plaintiff, [v] Terrence J. Gallagher, defendant, No. 85-13715-DC, fails to reveal that the plaintiff therein had or claimed any interest in the marital home other than by way of dower. In the judgment rendered therein the Court complied with the statute by providing that the husband pay the wife $12,000 "in full settlement of her interest in said marital dwelling", and that she have a lien on the dwelling to secure payment.
>
> Although the husband did not own the dwelling at the time judgment was granted, the wife's dower interest therein then existed, and all other persons' rights thereto were subject to that dower interest. When a lien was substituted for dower, all other persons' rights in the property were likewise subject to that lien, except as to any lien which had been validly imposed prior to plaintiff's marriage and which continues to the present time.
>
> Under the circumstances in this action, to hold that plaintiff's dower is barred by the dower paragraph in the judgment, would exalt form over substance, constituting a travesty on justice in flagrant disregard of Michigan's traditional stance favoring and protecting a wife's right to dower.

While we do not necessarily disagree with the

---

[1] Had plaintiff approved the liens, then, of course, the liens would not be subordinate to her dower interests and those liens would take priority over the lien granted plaintiff under the judgment of divorce even if that lien was granted as part of her dower interest.

trial court's conclusion that when a lien is substituted for dower, that lien, like dower rights, takes precedence over all other claims, we do not agree with the trial court's conclusion that the lien in the case at bar was substituted for plaintiff's dower rights. Turning to the judgment of divorce, the lien at issue was established in that portion of the judgment of divorce entitled "Real Property," which provides in pertinent part as follows:

> The marital dwelling located at 12172 Lake Shore Drive, LaSalle, Michigan 48145 be and the same hereby is awarded to the Defendant, Terrence J. Gallagher. Said Defendant shall assume and pay any and all indebtedness thereon or regarding thereto and will hold the Plaintiff harmless therein.
>
> The Defendant, Terrence J. Gallagher, shall forthwith pay the sum of $12,000.00 to the Plaintiff, Leslie M. Gallagher, in full settlement of her interest in said marital dwelling. The Plaintiff, Leslie M. Gallagher, is hereby awarded a lien against said marital dwelling in the amount of $12,000.00. In the event that said sum is not paid by the Defendant to the Plaintiff within 126 days of date hereto, Plaintiff may foreclose upon said lien.

Plaintiff's dower rights, however, were extinguished in exchange for the sum of one dollar under a separate portion of the divorce judgment entitled "Provision In Lieu Of Dower," which provides as follows:

> The said Defendant, Terrence J. Gallagher, shall pay to the said Plaintiff, Leslie M. Gallagher, the sum of One ($1.00) Dollar and that this provision made for said Plaintiff herein shall be in lieu of her dower in the lands of her husband and he shall hereafter hold his remaining lands free, clear and discharged from any such dower right or

claim, and said provision shall also be in full satisfaction of all claims that she may have in any lands which the said husband owns or may hereafter own, or in which he has or may hereafter have any interest.

With all due respect to the learned trial court, it defies reason to conclude that the $12,000 lien was in any way associated with the extinguishment of plaintiff's dower interests in the property. Firstly, the lien was created in an entirely separate portion of the judgment of divorce than the provision in lieu of dower. Had the circuit court, in granting the judgment of divorce, intended to place a lien on the property in substitution of plaintiff's dower interest, then it would be reasonable to expect that that lien would have been established under the provision in lieu of dower rather than in the portion disposing of the real property. Secondly, the provision in lieu of dower explicitly awards plaintiff one dollar in lieu of her dower rights. It would seem inapposite that the circuit court would grant plaintiff a $12,000 lien to secure payment of a one dollar debt. While the trial court is correct in its observation that the only interest plaintiff ever possessed in the property was her dower rights to the property, we do not believe that it follows that the award in the judgment of $12,000 "in full settlement of her interest in said marital dwelling" necessitates the conclusion that that payment was envisioned to cover plaintiff's dower rights.

Firstly, given the fact that defendant Gallagher misrepresented himself as a single man in the earlier transactions affecting the property and that he apparently never disclosed to his wife or to the trial court that he had disposed of the property, it may well be that defendant Gallagher never dis-

closed to his wife or to the trial court that the property was not held by both parties as tenants by the entireties. That is, it might well be that the trial court believed plaintiff had an interest in the property other than her dower rights. Secondly, and perhaps more importantly, the judgment may merely reflect the fact that the trial court felt it appropriate to include the residence as part of the marital estate to be divided upon divorce. In such a situation it is irrelevant that plaintiff never held legal title to the property. Simply put, our interpretation of the judgment of divorce differs from the trial court's interpretation in that we believe the $12,000 award to plaintiff was designed not to pay for her dower interest, but merely to settle the affairs of the marriage.

For the above reasons, we conclude that the trial court erred in granting summary disposition in favor of plaintiff. The prior-in-time liens of defendants take priority over plaintiff's subsequently filed lien. Therefore, the decision of the circuit court is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction. Defendants may tax costs.

Reversed and remanded.